PRIESKORN *v.* KIEHLER.

1. TRIAL—EVIDENCE—REDIRECT EXAMINATION.

A witness should be permitted on redirect examination to explain an answer made on cross-examination.

2. EVIDENCE—TESTIMONY—HEARSAY.

Testimony offered in automobile negligence case as to why the secretary of State recalled the appellant driver's license *held*, to be hearsay and inadmissible, since it not only called for a conclusion on the part of the appellant, but it also depended in part for its credibility on the veracity and competence of another person.

3. AUTOMOBILES—JUDICIAL NOTICE—INSTRUCTIONS—BRAKING DISTANCES.

Refusal of trial court to take judicial notice of tables on braking distances set forth in booklet published by the secretary of State in court's instructions to the jury in an automobile neg-

REFERENCES FOR POINTS IN HEADNOTES
[1]  58 Am Jur, Witnesses § 562.
[2]  20 Am Jur, Evidence § 450 *et seq.*
[3, 4]  8 Am Jur 2d. Automobiles and Highway Traffic § 893.
Judicial notice of drivers' reaction time and of stopping distance of motor vehicles traveling at various speeds.  84 ALR2d 979,

ligence case *held*, proper, as there is no such certitude of the accuracy of these tables as would require the court to take judicial notice thereof and the fact that differing tables enjoy popular acceptance justifies denial of request that the court inform jury that he had taken judicial notice of the accuracy of one table.

4. SAME—EVIDENCE—INSTRUCTIONS.

Trial court's refusal to give plaintiff's requested instruction taking judicial notice of tables of stopping distances as set forth in booklet published by secretary of State where plaintiff introduced no evidence on stopping distances *held*, proper, as plaintiff was apparently willing to rely on the jury's knowledge as to stopping distances, and the substance of plaintiff's request to charge was covered by the court's instructions.

Appeal from Macomb; Denewith (George R.), J. Submitted Division 2 June 1, 1966, at Lansing. (Docket No. 818.) Decided October 25, 1966.

Complaint by Gordon Prieskorn and Jeanette Prieskorn against William Charles Kiehler and Maxine Kiehler for injuries allegedly arising from an automobile accident. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Starkey & Gentz,* for plaintiffs.

*Ward, Plunkett, Cooney, Rutt & Peacock (John D. Peacock* and *Thomas A. Neenan,* of counsel), for defendants.

T. G. KAVANAGH, J. Plaintiffs and appellants, Gordon Prieskorn, driver owner, and Jeanette Prieskorn, his wife, filed a complaint for damages growing out of the personal injuries suffered by Gordon Prieskorn in an automobile accident that occurred on October 18, 1961. They claimed appellee's automobile failed to stop for a stop sign and that the appellee pulled out into the lane of traffic occupied by appellant's vehicle at such a time and

distance as to create a sudden emergency which was a proximate cause of the collision and resulting injuries of the appellant. Appellee denied negligence and pleaded as an affirmative defense that his vehicle was struck in the rear and that there was contributory negligence on the part of the appellant, Gordon Prieskorn, in that he operated his vehicle at an excessive rate of speed and was driving under the influence of intoxicating beverages.

During the course of the trial, which was before a jury, appellant on cross-examination was asked if he had a driver's license at the time of the trial. He answered that he did not. There was no objection to the question or answer. On redirect examination, the appellant sought to explain why he did not have a driver's license but the court sustained appellee's objections to appellant's testimony on the grounds of incompetency and hearsay. Appellant also requested an instruction by the court in reference to minimum braking distances as shown by the secretary of State's booklet, "What Every Driver Must Know." The trial court refused to give this requested instruction, to which refusal appellant objected.

The jury returned a verdict of no cause of action. Appellant filed a motion for a new trial on the grounds that the court unduly restricted appellant on redirect examination concerning his driver's license at the time of the trial and erroneously refused to instruct regarding braking distance. From an order denying this motion appellant appeals.

Appellant first urges upon us that his testimony on redirect examination regarding his driver's license should not have been excluded since it explained his testimony concerning the same subject on cross-examination. That on redirect examination a witness should be permitted to explain an answer made on cross-examination we cannot deny. *People* v.

*Babcock* (1942), 301 Mich 518, 529. However, in explaining such an answer the witness is still required to follow the rules of evidence. We deem appellant's testimony as to why the secretary of State recalled his license to be hearsay evidence since it not only called for a conclusion on the part of the appellant but it also depended in part for its credibility on the veracity and competency of another person. See *People* v. *Albers* (1904), 137 Mich 678. Such evidence is inadmissible whether offered on direct, cross, or redirect examination.

We also find no merit in appellant's second assertion of error regarding his requested instruction on braking distances as set forth in secretary of State's booklet. There is no such certitude of the accuracy of these tables as would require the court to take judicial notice thereof, and the fact that differing tables enjoy popular acceptance is reason enough to deny a request that the court inform the jury that he had taken judicial notice of the accuracy of one. The cases of *McGuire* v. *Rabaut* (1958), 354 Mich 230, and *Noyce* v. *Ross* (1960), 360 Mich 668, cited by appellant, do not take judicial notice of the stopping distances set forth in "What Every Driver Must Know." The Supreme Court cited these tables and other works as authority for the initial finding of fact as to stopping distance involved in each of these cases.

The plaintiff introduced no evidence on stopping distances which he well might have done. He apparently was willing to rely on the jury's knowledge of them. We find that the substance of appellant's request to charge was covered by the court's instructions. He was entitled to no more. See *Erickson* v. *Soyars* (1959), 356 Mich 64.

Affirmed, costs to appellees.

LESINSKI, C. J., and QUINN, J., concurred.