## LEHR *v.* ROGERS

1. WITNESSES—CROSS-EXAMINATION—EMPLOYMENT OF DEFENDANT.
    Refusal of trial court to allow plaintiffs' counsel to examine
    defendant regarding his prior employment and specific reasons
    for its termination *held* within the discretion of the trial
    court.

2. AUTOMOBILES — NEGLIGENCE — EVIDENCE — STOPPING DISTANCE
    TABLES — JUDICIAL NOTICE.
    Taking judicial notice, in an automobile negligence action, of
    stopping tables contained in driving manual published by
    secretary of State's office *held,* not reversible error where the
    judicial notice was taken in the absence of the jury, and the
    booklet was never received as an exhibit, defense counsel
    made use of the stopping tables in his closing argument, and
    the jury was properly charged that arguments of counsel are
    not evidence.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 March 3, 1969, at Detroit. (Docket No. 4,957.) Decided March 26, 1969.

Complaint by Thomas Lehr and Betty Lehr against Paul Steven Rogers and Hudgens Auto Sales for damages resulting from an automobile collision. Defendant Rogers counterclaims. Judgment for defendant Rogers on counterclaim. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 664.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 893.

*Leven, Logan & Neenan,* for plaintiffs.

*Roger F. Wardle,* for defendant Hudgens Auto Sales.

*Bashara & Bashara* and *William Wendt,* for defendant Paul Steven Rogers.

BEFORE: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

Per Curiam. Defendant won on his counterclaim arising out of an auto negligence case.

Great disagreement as to the facts exists between the parties, even extending to which street defendant was traveling on at the time of the accident.

On cross-examination, defendant was asked where he worked and objection to the question was sustained. Other questions relating to his prior employment were likewise not permitted. Plaintiff made an offer of proof that defendant had been discharged from employment for stealing company property and that he lied during the investigation. The court denied the offer and restricted plaintiff to questions concerning defendant's then current employment.

The court also took judicial notice, over plaintiff's objection, of stopping distances cited in the pamphlet "What Every Driver Must Know", put out by the secretary of State.

The jury returned a verdict for defendant of $6,500 on his counterclaim. A motion for new trial was filed and denied and this appeal followed.

The first ground for reversal urged concerns the court's refusal to permit testimony as to defendant's prior employment and specific reasons for its termination. Defendant argues that plaintiff had no

absolute right to pursue the collateral credibility cross-examination. With this we agree. Decision to exclude it was within the court's discretion and no abuse has been shown to us. Receiving such testimony would not have been error, but the denial of it is discretionary.

On the second issue, the taking of judicial notice of the stopping tables, we likewise disagree with plaintiff's contention of error. While this Court in *Prieskorn* v. *Kiehler* (1966), 4 Mich App 679, upheld refusal to take judicial notice of the tables, that case is not precedent for the instant situation. Judicial notice in this case was taken in the jury's absence and the booklet was never received as an exhibit. Counsel for defendant did make use of the stopping table in his closing argument. However, the jury was properly charged that the arguments of counsel are not evidence. No reversible error was committed.

Affirmed.    Costs to appellees.