ROBAIR v DAHL

1. APPEAL AND ERROR—PRESERVING QUESTION—CONSTRUCTIVE TRUST
—JURY—RIGHT TO JURY TRIAL.

The issue of whether or not there was a right to a jury trial in a
case whereby plaintiffs sought to impose a constructive trust on
the proceeds of the sale of real estate was properly preserved
for appeal where the defendant, at the pretrial conference,
verbally objected to the plaintiffs' demand for a jury trial even
though the defendant did not comply with the trial judge's
request for briefs on the issue and the defendant did not repeat
the objection when the trial court ruled in the plaintiff's favor
on the matter.

2. EQUITY—JURISDICTION—CONSTRUCTIVE TRUST—REAL PROPERTY—
PROCEEDS OF SALE OF REAL ESTATE.

Equity has jurisdiction not only to impose a constructive trust on
real estate but to follow the assets upon which the trust would
rest into whatever form they may be converted.

3. EQUITY—JURISDICTION—JURY.

It is for the court to hear and not a jury where equity has
jurisdiction.

4. EVIDENCE—PAROL EVIDENCE—REAL PROPERTY—CONVEYANCES—
CONTEMPORANEOUS AGREEMENT—TRUSTS—INTENT OF PARTIES.

Absolute language of conveyance of real property in a deed is an
obstacle which invokes the parol evidence rule; however, there
is no objection to the admission of evidence of an extrinsic,
contemporaneous agreement to hold the property in trust
where that evidence is admitted for the purpose of showing
that the instrument, absolute on its face, is something less than
that; the proper inquiry to be made by the court in such cases
is whether the parties, under all of the circumstances, appear
to have intended the document to cover merely the kind of

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury § 88.
[2] 76 Am Jur 2d, Trusts §§ 3, 573, 581, 582.
[3] 27 Am Jur 2d, Equity §§ 238, 242, 244.
[4] 30 Am Jur 2d, Evidence § 1040.

estate transferred, or to cover all possible aspects of the transfer, including that of the quality of the estate.

Appeal from Livingston, Paul R. Mahinske, J. Submitted June 8, 1977, at Detroit. (Docket No. 29551.) Decided January 4, 1978.

Complaint by Florence Robair and others against Bernard G. Dahl seeking to impose a constructive trust on the cash proceeds from the sale of certain real estate. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Bartlett E. Nutter,* for plaintiffs.

*Lipton, Papista & Garfinkle, P. C.,* for defendant.

Before: J. H. GILLIS, P. J., and BRONSON and R. E. ROBINSON,* JJ.

R. E. ROBINSON, J. Defendant appeals as of right from a jury verdict which found that he held an interest in real estate deeded to him subject to a constructive trust for the benefit of his brothers and sisters. The real estate had been sold and the jury verdict resulted in an order that defendant, out of his share of the proceeds from the sale of the real estate, pay to the plaintiffs the sum of $20,431.81 plus interest thereon.

The parties to the suit are brothers and sisters. Rita Dahl, one of the plaintiffs, was mentally retarded from birth and was under the state's care since 1945.

On June 13, 1942, the mother of the parties, Sarah, being terminally ill, conveyed by deed farm land in Canada to defendant, Bernard Dahl and his brother Edward. The consideration expressed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in the deed was "natural love and affection and one dollar".

This appeal raises 2 issues:

I

*Were plaintiffs entitled to a jury trial in an action seeking to impose a constructive trust on the proceeds from the sale of real estate?*

Plaintiffs timely demanded a jury, and defendant raised no objection to such demand until the pretrial conference, at which time he raised it verbally. The trial judge requested briefs on the subject. Plaintiffs complied, but defendant did not and the judge apparently based his decision to grant plaintiffs' demand on the brief filed by plaintiffs. One is tempted to leave defendant where his dereliction has placed him.

Peripheral to the issue is plaintiffs' claim that by raising his objection in only verbal form at the pretrial stage, and by failing to object to the trial court's ruling, defendant has failed to preserve this issue for review. We do not agree. The issue was properly preserved for review.

Our Constitution provides:

"The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law." Mich Const 1963, art I, § 14.

This Constitutional mandate is reiterated in GCR 1963, 508.1 as follows:

"The right of trial by jury as declared by the constitution shall be preserved to the parties inviolate."

GCR 1963, 509.1 further provides that the trial

shall be by jury when demanded unless the court determines that:

"[T]he right of trial by jury of some or all of those issues does not exist under the constitution."

Both sides agree in substance with the view set forth in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 414:

"The problem was and will remain essentially a historical inquiry—that is, whether the issue was the type which historically had been tried by the law courts or by the chancellor, as of the time when the constitutional guarantee to the right of trial by jury was adopted."

Plaintiffs take the position that the merger of law and equity effected by art 6, § 5 of the 1963 Constitution has broadened the right to jury trial, but with this we disagree. See *Fredal v Forster,* 9 Mich App 215, 227; 156 NW2d 606 (1967).

Plaintiffs sought no other relief than the imposition of a constructive trust on the cash proceeds from the sale of the real estate, and the trial court's instructions to the jury confined their deliberations to the granting or denying of only such relief.

Although they apparently concede that had the real estate not been sold by defendant, equity would have had jurisdiction to impose a trust, plaintiffs argue that sale of the real estate set the stage for an action at law for a money judgment with its attendant right to a jury trial. It isn't necessary to answer this argument because plaintiffs did not seek a money judgment. They sought imposition of a constructive trust, and equity has jurisdiction not only to impose such, but to follow

the assets upon which the trust would rest into whatever form they may be converted. *Chamberlain v Eddy,* 154 Mich 593; 118 NW 499 (1908); *Detroit Trust Co v Struggles,* 283 Mich 471; 278 NW 385 (1938). Where equity has jurisdiction, it is for the court to hear and not a jury, *Chamberlain v Eddy, supra, Fredal v Forster, supra.*

Finally, plaintiffs attempt to save their right to a jury with the argument that they could have sued on a theory of assumpsit, quasi-contract or unjust enrichment and in such case would have been entitled to a jury. We find no merit in this argument as plaintiffs sued on none of these theories. Nor do we find any merit in their claim that inasmuch as they also prayed for "such further relief as the court may determine to be equitable and just", they thereby preserved a right to jury trial.

## II

*Was the testimony of a witness concerning the statement of a now-deceased person admitted into evidence in violation of either the hearsay rule or the parol evidence rule?*

It is agreed by both parties that defendant acquired his interest in the real estate by a valid deed from his mother in 1942. The deed was complete on its face and contained no ambiguities.

Present at the signing of the deed were defendant, Bernard Dahl; plaintiff, Edward Dahl; the mother, Sarah Dahl; the father (now deceased); and plaintiff, Florence Robair. Over objection of counsel, Florence Robair was permitted to testify that as her mother was signing the deed she heard her say in a voice loud enough for all present to hear, "I am putting this in the name of the two

boys for all of you". No one else present and able to testify heard the statement.

Professor Wigmore, recognizing that the absolute language of such a conveyance as the one before us is an obstacle which invokes the parol evidence rule, nevertheless finds that in most jurisdictions there is no objection to admission of an extrinsic, contemporaneous agreement to hold in trust for the purpose of showing that the instrument, absolute on its face, is something less than that. The good professor points out that although the reasoning by which the majority jurisdictions reach their goal varies considerably and is not always sound, he does not quarrel with the result. He draws a distinction between the act of transfer and the user of the property transferred or, put another way, between the character of the estate conveyed (fee simple, life estate, etc.) and the quality of the estate conveyed (security, trust, etc.). He then states his belief as to the proper inquiry to be made by the court: Whether the parties under all of the circumstances, appear to have intended the document to cover merely the kind of estate transferred, or to cover all possible aspects of the transfer, including that of the quality of the estate. 9 Wigmore, Evidence (3d ed), § 2437, pp 119–122, citing *Bowker v Johnson,* 17 Mich 42 (1868), *Pinch v Willard,* 108 Mich 204; 66 NW 42 (1896), *Kellogg v Northrup,* 115 Mich 327; 73 NW 230 (1897), *Germain v Central Lumber Co,* 116 Mich 245; 74 NW 644 (1898). In *Schmidt v Barclay,* 161 Mich 1, 5; 125 NW 729 (1910), our Supreme Court, quoting from *Cornell v Hall,* 22 Mich 377, 382 (1871), set forth the rule urged by *Wigmore:*

"' "Each case * * * must be decided in view of the peculiar circumstances which belong to it and mark its

character, and * * * the only safe criterion is the intention of the parties, to be ascertained by considering their situations and the surrounding facts, as well as the written memorials of the transaction." ' "

In the same section of his treatise cited above, Wigmore also reveals the error in defendant's argument that such parol evidence is barred by the statute of frauds, *i.e.,* here no act of reconveyance is called for.

Defendant makes much of the fact that no one of the persons present at delivery of the deed, except Florence Robair, heard the alleged statement by the mother. We think this goes to the weight of Florence's testimony and not to its admissibility.

Defendant, in his testimony, stated that the land was to be held for those children who needed help from it and that he needed help the most. His co-grantee, plaintiff Edward Dahl, testified that, without any instructions from his mother to that effect, he felt morally obligated to divide his share among the children. He also referred to his holding as a trust.

In light of this record, it could be concluded that the parties did not intend to incorporate all of their agreements in the deed. We think the trial judge properly admitted the testimony of Florence Robair concerning the mother's alleged oral statement.

There is ample evidence in the record made below to support the judgment of the trial court. Having reviewed that record *de novo* and basing our ruling on that record and not on the jury verdict, we affirm the judgment of the trial court.

No costs on this appeal, no party having fully prevailed.