DUTKA v SINAI HOSPITAL OF DETROIT

Docket No. 75087. Submitted March 13, 1985, at Detroit.—Decided
  May 21, 1985. Leave to appeal applied for.

Friedrich Dutka, a licensed physician specializing in cardiovascu-
  lar surgery, was hired in 1978 by Sinai Hospital of Detroit as
  an office assistant to one of the staff surgeons. In 1979 he was
  elevated to an associate staff position. Dutka applied for active
  staff status. Both the credentials committee and executive
  committee recommended against the active staff appointment
  and the board of trustees of the hospital denied the appoint-
  ment. Dutka brought an action against Sinai Hospital in
  Wayne Circuit Court, seeking specific performance of an alleged
  implied contract granting him active staff privileges or, in the
  alternative, damages. Defendant moved to strike plaintiff's
  demand for a jury trial on the basis that plaintiff was not
  entitled to a jury because plaintiff had sought equitable relief
  which could only be heard by the court sitting as a chancellor
  in equity. The trial court, Charles S. Farmer, J., acting for
  Irwin H. Burdick, J., struck the demand for jury trial. The
  matter was thereafter heard by Louis F. Simmons, Jr., J.,
  sitting without a jury. At the close of plaintiff's proofs, defen-
  dant moved to dismiss, the motion was denied, and Judge
  Simmons thereafter found for defendant. Plaintiff appealed.
  *Held:*

  1. While there is no right to a jury trial on equitable claims,
  the coupling of an equitable claim with a legal claim does not
  act to deprive the plaintiff of his right to a jury trial on the
  legal claim. Where both equitable and legal claims are pled, the
  court, sitting as a chancellor in equity, shall hear the equitable
  claims and the legal claims shall be heard by a jury, if a jury
  has been demanded. Accordingly, the trial court erred in strik-

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur 2d, Equity § 238 *et seq.*
  Right in equity suit to jury trial of counterclaim involving legal
    issue. 17 ALR3d 1321.
[2] 40 Am Jur 2d, Hospitals §§ 6-13.
[3] 5 Am Jur 2d, Appeal and Error § 727.

ing plaintiff's jury demand with respect to his legal claim for damages.

2. While it was error for the trial court to strike plaintiff's demand for a jury trial with respect to the claim for damages, that error did not result in error mandating reversal. To establish a jury-submissible question, plaintiff had to show that a contract existed and that there was a breach of that contract. Even if plaintiff's action can be characterized as a contract action, rather than an action seeking judicial intervention, plaintiff's proofs failed to establish that there was an implied contract that he would be given active staff status.

3. There being a failure by plaintiff to establish by his proofs that there was a contract, it was error for the trial court to deny defendant's motion to dismiss made at the close of plaintiff's proofs. However, since the trial court ultimately reached the right result, although for the wrong reason, that result will not be disturbed.

Affirmed.

1. EQUITY — JURISDICTION — JURY.

Equity claims are heard by a judge sitting as a chancellor in equity; therefore, where only equitable relief is sought, there is no right to a trial by jury; however, where there are both legal and equitable claims and there is a request for a jury trial, the equitable claim shall be decided by the court sitting as a chancellor in equity and the legal claim shall be decided by a jury trial.

2. HOSPITALS — PHYSICIANS AND SURGEONS — PRIVATE HOSPITALS.

The decision of the governing body of a private hospital to deny appointment of a physician to its medical staff is not subject to judicial review.

3. APPEAL — REMEDIES.

A result reached by a trial court will not be disturbed on appeal where the court reached the right result but assigned the wrong reason for it.

*Eugene R. Bolanowski,* for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *William G. Christopher* and *Joseph G. Nuyen, Jr.),* for defendant.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR., and R. L. TAHVONEN,* JJ.

PER CURIAM. On October 27, 1980, plaintiff filed a complaint against Sinai Hospital, alleging breach of an implied contract. After a bench trial, a judgment of no cause of action was entered. Plaintiff appeals to this Court as of right.

Plaintiff is a licensed physician specializing in cardiovascular surgery. He was hired by Sinai Hospital in September, 1978, as an office assistant to Dr. Adrian Kantrowitz, in the Department of Cardiovascular Thoracic Surgery. Although the hospital bylaws limited the privileges of an office assistant to writing orders on patients of the active staff member, plaintiff admitted patients and performed surgery, both of which are duties of an associate staff member. In April, 1979, plaintiff was elevated to an associate staff position and continued performing the same duties. Plaintiff expressed his desire to achieve active staff privileges to both Dr. Kantrowitz and the Chief of Staff. According to plaintiff, both men assured plaintiff that he would be elevated to active staff in the future. Plaintiff testified that in April, 1980, Dr. Kantrowitz gave his approval for plaintiff to apply for active staff status. Several weeks later, Dr. Kantrowitz asked plaintiff to withdraw his application. Dr. Kantrowitz offered no explanation for his change in position, other than that he was under "political pressure". Plaintiff decided not to withdraw his application, and in fact proceeded to file a second application when the hospital failed to take action.

Both the Credentials Committee of the Medical Staff and the Medical Staff Executive Committee recommended against the appointment, based in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

part upon a letter from Dr. Kantrowitz in which he stated: "I do not feel [he] is qualified for independent open heart privileges at the present time." Plaintiff remained a full-time employee until August 1, 1981, when he received a letter terminating his relationship with Dr. Kantrowitz.

The hospital's Board of Trustees officially denied plaintiff's applications on September 21, 1981, and March 15, 1982. Plaintiff has been in private practce since the fall of 1981. In his complaint, he sought specific performance of the alleged implied contract granting him active staff privileges, or, in the alternative, monetary damages.

Plaintiff's first claim on appeal is that the trial court improperly struck his demand for a jury. Defendant brought this motion on March 18, 1983. Defendant argued that, because plaintiff sought equitable relief in the form of specific performance, plaintiff was not entitled to a jury. Defendant also suggested that it had a right to have the equitable claim heard by the judge sitting as a chancellor in equity. The trial court accepted this argument and struck the jury demand. This was error.

The parties have a constitutional right in Michigan to have equity claims heard by a judge sitting as a chancellor in equity. *Abner A Wolf, Inc v Walch,* 385 Mich 253; 188 NW2d 544 (1971). If a plaintiff seeks only equitable relief, he has no right to a trial by jury. *Robair v Dahl,* 80 Mich App 458, 460-462; 264 NW2d 27 (1978). However, in this case, the plaintiff sought both equitable relief in the form of specific performance and legal relief in the form of damages. In this situation the plaintiff had a right to have a jury hear his damage claim.

Defendant relies on cases in which a chancellor awarded equitable relief and damages as part of his decree. *Rickle v Dow,* 39 Mich 91 (1878); *Chase*

*v Boughton,* 93 Mich 285; 54 NW 44 (1892); *Godwin v Lindbert,* 101 Mich App 754; 300 NW2d 514 (1980). Defendant suggests that this indicates plaintiff had no right to a jury trial. We must strongly disagree. These cases, which allow a chancellor to award consequential damages along with equitable relief, do not bar plaintiff's demand for a jury where legal remedies are sought along with equitable relief. The cases defendant relies on only suggest that in some instances a chancellor may also award money damages in fashioning the appropriate remedy. The cases do not bar a jury trial on legal claims when it has been properly demanded.

We are not suggesting that a jury trial should have been held on all of the issues. Clearly, defendant had a right to a hearing before a chancellor on the specific performance claim. *Abner A Wolf, Inc, supra.* However, plaintiff also had a right to a jury trial on his legal claim.[1]

---

[1] We do not agree with the decison by another panel of this Court where it was held that there has historically been a right to a jury trial when enforcement of an oral agreement is sought. *Hackett v Connor,* 58 Mich App 202, 207-208; 227 NW2d 292 (1975). *Hackett v Connor* appears to rely on a misreading of the precedent cited therein. Our review of *Davis v Kramer Bros Freight Lines, Inc,* 361 Mich 371; 105 NW2d 29 (1960), discloses that, while it was originated as an action for assumpsit (a traditional equitable remedy) on an oral agreement, the Court was actually addressing a claim for damages sought under a written lease contract. The Court concluded that the question of whether the parties had subsequently modified the lease contract through their course of dealing was a question for a jury. Furthermore the statement in *Davis* on which *Hackett v Connor* relies is clearly dicta; it was neither necessarily involved in the case nor was it essential to its determination. The other case cited in *Hackett v Connor, Sharon v Fee,* 203 Mich 152; 168 NW2d 1045 (1918), also does not support the proposition. The holding in *Sharon* was simply that there was no equity jurisdiction because no mechanic's lien existed. The mechanic's lien statute created equity jurisdiction. Without equity jurisdiction the court had no right to decree a damage award on an alleged oral contract. We conclude that there has never been an historic right to a jury trial for enforcement of an alleged oral agreement. Our conclusion is supported by the extensive authority which states that a jury simply cannot award specific

While we have concluded that plaintiff should have been allowed to empanel a jury to hear his legal claim, we do not find reversal is necessary. We affirm the trial court because, even though the plaintiff had a right to have a jury hear his damage claim, it was necessary for him to show that he had a right to damages. Plaintiff had to show that a contract existed and that, if it existed, it had been breached. Our review of the record shows that plaintiff has neither pled nor proved a claim on which relief can be granted. First, we note that, while plaintiff has attempted to plead an action in contract, our reading of the complaint leads us to the conclusion that he actually is seeking judicial intervention into the decision of a private hospital to deny him staff privileges. A decision of this nature is not a proper matter for judicial intervention. *Hoffman v Garden City Hospital-Osteopathic,* 115 Mich App 773; 321 NW2d 810 (1982), *lv den* 417 Mich 1027 (1983); *Regualos v Community Hospital,* 140 Mich App 455; 364 NW2d 723 (1985).

Even if plaintiff's claim were found to be adequately pled as a contract action, plaintiff would still not be entitled to relief. Viewing the facts in the light most favorable to the plaintiff, at most what plaintiff has shown was that he took the office assistant position hoping that it would lead to active staff status. At the very most the facts show that the hospital may have agreed to consider plaintiff for active staff status. The hospital did this. There is no showing, viewing the evidence in the light most favorable to the plaintiff, that defendant promised future active staff status to the plaintiff. There was testimony that Dr. Kantrowitz and the Chief of Staff may have suggested

performance as relief. A jury may only give relief in the form of damages.

he would be granted active staff status. But there is no showing that these people had the authority to make a promise which would bind defendant. Indeed plaintiff's amended complaint only alleges that defendant had not *considered* him for active staff as promised. The record indicates that they did consider him for active staff status and then decided not to grant such status to him. Even if there was a contract, it was only a contract to act on his application for active staff status. This is all that plaintiff pled and proved. Thus the allegations and proof established no basis for relief, equitable or legal.

We note that the record shows that defendant made a motion to dismiss at the close of plaintiff's proofs pursuant to GCR 1963, 504.2. The trial court took the motion under advisement and subsequently denied the motion after defendant rested. The trial court then made findings of fact and conclusions of law and found for the defendant. We believe the motion to dismiss under GCR 1963, 504.2 should have been granted for the reasons we have outlined above. Plaintiff had shown no right to relief. Where the trial court reaches the correct result for the wrong reason, the result will not be disturbed on appeal. *Peninsular Construction Co v Murray,* 365 Mich 694, 699; 114 NW2d 202 (1962); *Robertson v Detroit,* 131 Mich App 594, 596; 345 NW2d 695 (1983). Plaintiff has shown no right to relief at law or in equity.

Affirmed.