McDONALD FORD SALES, INC v FORD MOTOR COMPANY

Docket No. 84041. Submitted October 17, 1986, at Detroit. Decided December 21, 1987.

Ford Motor Company proposed to relocate one of its dealers, Tom Holzer Ford, Inc., to within six miles of another Ford dealer, McDonald Ford Sales, Inc. McDonald filed a declaratory judgment action against Ford Motor Company in Oakland Circuit Court, challenging the proposed relocation pursuant to the motor vehicle dealers, distributors and manufacturers act. Following a bench trial, the court, Richard D. Kuhn, J., denied plaintiff's request for declaratory relief, finding that defendant had demonstrated good cause for relocating the Holzer dealership. Plaintiff appealed.

The Court of Appeals held:

1. The trial court did not err in denying plaintiff's request for a jury trial.

2. The trial court's findings of fact were amply supported by the evidence, and the trial court did not err in concluding that good cause had been shown for relocating the Holzer dealership.

3. The trial court did not err in allowing defendant's expert witness to testify as to the impact relocating Holzer Ford would have on plaintiff and as to the validity of plaintiff's expert's study.

4. The trial court did not abuse its discretion in denying plaintiff's request at trial to discover the computer program used by defendant's expert witness.

5. Plaintiff's allegation that defendant has not acted in good faith is without merit.

Affirmed.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 395, 1127.

Am Jur 2d, Depositions and Discovery § 272.

Am Jur 2d, Evidence § 257.

Am Jur 2d, Equity § 266.

Validity, construction, and effect of clause in franchise contract prohibiting transfer of franchise or contract. 59 ALR3d 244.

Validity and construction of statute regulating dealings between automobile manufacturers, distributors, and dealers. 7 ALR3d 1173.

1. COMMERCE — AUTOMOBILES — RELOCATION OF DEALERSHIPS — JURY TRIALS.

A plaintiff is not entitled to a jury trial in an action brought pursuant to § 16 of the motor vehicle dealers, distributors and manufacturers act (MCL 445.1576; MSA 19.856[36]).

2. APPEAL — EQUITY — DE NOVO REVIEW.

The decision of a trial court in an equity action is reviewed de novo; the entire record is examined, all the evidence is weighed and the trial court's findings are subjected to closer scrutiny than that employed in reviewing a jury verdict.

3. APPEAL — EQUITY.

A trial court's decision in an equity action will not be reversed unless its findings are clearly erroneous or the reviewing court is convinced that it would have reached a different result.

4. WITNESSES — EXPERT WITNESSES — QUALIFICATIONS — APPEAL.

The determination of whether a witness is sufficiently qualified to give expert opinion testimony rests within the sound discretion of the trial court and that determination will not be disturbed on appeal absent an abuse of discretion.

5. EVIDENCE — DISCOVERY — APPEAL.

A trial court's decision to grant or deny discovery is subject to reversal only if there has been an abuse of discretion.

6. EVIDENCE — DISCOVERY.

A trial court when determining whether it should grant or deny a request for discovery should consider whether the granting or extension of discovery will facilitate rather than impede the litigation; factors such as the timeliness of the request, the duration of the litigation and the possible prejudice to the parties should also be considered.

7. COMMERCE — AUTOMOBILES — RELOCATION OF DEALERSHIPS — GOOD CAUSE — GOOD FAITH.

A trial court in an action brought pursuant to § 16 of the motor vehicle dealers, distributors and manufacturers act is charged with determining whether good cause exists for the establishment or relocation of a proposed new motor vehicle dealer; there is no requirement that good faith be established independent of a finding of good cause (MCL 445.1576; MSA 19.856[36]).

*Stringari, Fritz, Kreger, Ahearn, Bennett & Hunsinger, P.C.* (by *Roy R. Hunsinger* and *Martin E. Crandall*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Joseph C. Basta* and *Kathleen McCree Lewis*), for defendant.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff, a Ford dealer, filed the instant declaratory judgment action in Oakland Circuit Court pursuant to § 16 of the Michigan motor vehicle dealers, distributors and manufacturers act, MCL 445.1561 *et seq.*; MSA 19.856(21) *et seq.*, challenging defendant's proposed relocation of another Ford dealer, Tom Holzer Ford, Inc., within six miles of plaintiff. Following a bench trial, the trial court denied plaintiff's declaratory relief, finding that defendant had demonstrated good cause for relocating Holzer Ford. Plaintiff appeals as of right. We affirm.

We shall first address plaintiff's claim that it was entitled to a jury trial. In an action brought pursuant to MCL 445.1576; MSA 19.856(36), an automobile dealer who has been notified that an automobile manufacturer proposes to establish or relocate another new motor vehicle dealer of the same "line make" within a six-mile radius of its place of business (i.e., its "relevant market area," see MCL 445.1566; MSA 19.856[26]) may seek a declaratory ruling as to whether good cause exists for the establishment or relocation of the new motor vehicle dealer. The statute further provides:

> (5) In determining whether good cause exists for establishing or relocating an additional new motor vehicle dealer for the same line make, the court shall take into consideration the existing circumstances, including, but not limited to, the following:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(a) Permanency of the investment.

(b) Effect on the retail new motor vehicle business and the consuming public in the relevant market area.

(c) Whether it is injurious or beneficial to the public welfare.

(d) Whether the new motor vehicle dealers of the same line make in that relevant market area are providing adequate competition and convenient consumer care for the motor vehicles of that line make in the market area, including the adequacy of motor vehicle sales and qualified service personnel.

(e) Whether the establishment or relocation of the new motor vehicle dealer would promote competition.

(f) Growth or decline of the population and the number of new motor vehicle registrations in the relevant market area.

(g) The effect on the relocating dealer of a denial of its relocation into the relevant market area. [MCL 445.1576(5); MSA 19.856(36)(5).]

We conclude that a plaintiff is not entitled to a jury trial in an action brought pursuant to MCL 445.1576; MSA 19.856(36). First we note that the language of the statute itself indicates that the determination of good cause is to be made by the court as evidenced by the phrasing of subsection (5). More importantly, the relief afforded a plaintiff in such an action is injunctive relief, not monetary damages. There is no right to a jury trial where the relief sought is equitable in nature, as is the case here. *Dutka v Sinai Hospital of Detroit,* 143 Mich App 170, 173; 371 NW2d 901 (1985), lv den 424 Mich 891 (1986); *Robair v Dahl,* 80 Mich App 458, 460-462; 264 NW2d 27 (1978). Accordingly, the trial court did not err in denying plaintiff's request for a jury trial.

Having resolved this initial claim of error, we

now turn to plaintiff's allegation that the trial court erred in evaluating the statutorily prescribed factors and in determining that there was good cause shown for the relocation. The decision of a trial court in an equity action is reviewed de novo; the entire record is examined, all the evidence is weighed and the trial court's findings are subjected to closer scrutiny than that employed in reviewing a jury verdict. *Vergote v K mart Corp (After Remand),* 158 Mich App 96, 103; 404 NW2d 711 (1987). A trial court's decision in an equity action will not be reversed unless its findings are clearly erroneous or the reviewing court is convinced that it would have reached a different result. *Dafter Twp v Reid,* 159 Mich App 149, 163; 406 NW2d 255 (1987); *Vergote, supra; Calvary Presbyterian Church v Presbytery of Lake Huron of the United Presbyterian Church in the United States of America,* 148 Mich App 105; 384 NW2d 92 (1986).

After reviewing the record on appeal, we conclude that the trial court's findings were amply supported by the evidence and the trial court did not err in concluding that good cause had been shown for relocating Holzer Ford. In evaluating the first statutorily prescribed factor, permanency of the investment, the trial court concluded that the relocation of Holzer Ford represented a permanent investment. This finding was clearly supported by the evidence which indicated that Holzer Ford would be relocated to a modern facility at a new permanent location. Holzer's equity in the current facility would be transferred to the new facility and additional capital would be obtained from the Ford Motor Company Dealer Development Division to finance the relocation. The trial court's finding was not erroneous.

In evaluating the effect on the retail new motor vehicle business and the consuming public in the

relevant market area, the trial court concluded that the proposed relocation would be beneficial as it would provide increased interbrand competition and afford the consuming public an additional opportunity to comparison shop and make an informed decision when purchasing a new vehicle. Further, any detrimental effect on plaintiff would be minimal and was outweighed by the benefits of the proposed relocation. The evidence clearly supported the trial court's finding. The evidence indicated that location was not a primary consideration in choosing a dealer. Further, Holzer Ford was remaining within its previous market area. The move would result in Holzer's being located farther to the north and west, in an area not well represented by Ford. More importantly, if the relocation had not been approved Holzer Ford would have had to close down, thus having a detrimental effect on the retail new motor vehicle business in the area.

The trial court also found that the proposed move would be beneficial to the public welfare because increased competition, both interbrand and intrabrand, would help assure better prices and higher quality service for the public. However, plaintiff argues that the area is too sparse to support two dealers and that excessive intrabrand competition will result, leading to the destruction of one or both of the Ford dealers. We find plaintiff's argument to be without merit. Our review of the record indicates that the proposed new location of Holzer Ford is only a few miles from its previous location and still within its assigned market area. Although the new location is within six miles of plaintiff, the evidence indicated that almost all Ford dealers in the Metropolitan Detroit area were within six miles of another Ford dealer. In addition, without the relocation, Holzer Ford

would likely close, resulting in a tangible loss of jobs and tax base. The evidence indicated that the relocation to a desirable commercial location would benefit the public interest.

With regard to the fourth factor, whether the new motor vehicle dealers of the same line make in the relevant market area are providing adequate competition and convenient customer care, the trial court concluded that dealers of the same line were currently providing qualified service; however, the trial court noted that Ford vehicles were underrepresented in the area of the proposed relocation site. Plaintiff argues that because there was adequate service in the area and defendant failed to demonstrate service facility overutilization and consumer dissatisfaction, relocation was not warranted. We disagree. First, we note that this factor appears to be of more relevance when a new dealer is being located in the area. In this instance, Holzer Ford is moving only a few miles from its previous location. Holzer will still be providing service to its existing customers and would be in a better position to service customers to the north and west, an area not well represented by Ford. Although the service provided is currently adequate, relocation will afford more convenient service for customers to the north and west. In addition, without relocation Holzer Ford would likely close, thus depriving customers of qualified service.

The trial court also concluded that relocation would promote competition. We agree. The evidence indicated that Holzer would be relocated to a modern facility in a new and efficient location with greater access to major thoroughfares. Other dealers with modern facilities would be located nearby; thus, the relocation of Holzer Ford would promote competition.

In addressing the sixth factor, the growth or decline of population and the number of new motor vehicle registrations in the relevant market area, the trial court noted that, while population is relatively stable in Holzer Ford's present area, the area is declining as a retail center. In contrast, there was significant growth in the area surrounding the proposed relocation site. This finding was clearly supported by the evidence which indicated that population and vehicle registrations were increasing in the relevant market areas of plaintiff McDonald Ford and the proposed relocation site for Holzer Ford.

The seventh and final factor addressed by the trial court was the effect on the relocating dealer of denial of its relocation into the relevant market area. The trial court concluded that if relocation was denied, Holzer Ford would likely cease operations. This finding was clearly supported by the evidence. Holzer Ford's facilities were inadequate, and Holzer was unable to conduct a profitable business at its location. In addition, the lease covering the property on which Holzer Ford's used car lot was located had expired and could not be renewed, thus placing further limitations on Holzer's already inadequate facilities. Finally, the lease on the remaining premises was to expire in a short period of time and could not be renewed. The trial court did not err in concluding that Holzer Ford would be forced to cease operations if the relocation was not approved.

After thoroughly reviewing the record, we conclude that the trial court's findings of fact were not clearly erroneous. Nor did the trial court err in finding that good cause existed for the relocation of Holzer Ford.

Plaintiff's next contention is that the trial court erred in allowing defendant's expert witness,

James Anderson, to testify as to the impact relocating Holzer Ford would have on plaintiff and as to the validity of plaintiff's expert's study. Plaintiff concedes that the witness is an expert in the areas of mathematics, engineering, and computer modeling; however, plaintiff maintains that the witness' lack of a formal education in consumer behavior and marketing renders him incompetent to testify as an expert. The determination of whether a witness is sufficiently qualified to give expert opinion testimony rests within the sound discretion of the trial court and that determination will not be disturbed on appeal absent an abuse of discretion. *Pettis v Nalco Chemical Co*, 150 Mich App 294, 304; 388 NW2d 343 (1986), lv den 426 Mich 881 (1986); *Dybata v Kistler*, 140 Mich App 65, 68-69; 362 NW2d 891 (1985). The record indicates that the witness personally developed computer techniques and software used in conducting studies of the number, size, and character of automobile dealerships necessary to adequately serve a given market area. The witness had been engaged in this type of work for seven years and had completed studies for many of the major automobile manufacturers. In addition, the witness had lectured and presented papers at major universities on the subject of automobile dealer site location. The witness had considerable experience and expertise in the area of automobile dealership location. The trial court did not abuse its discretion in allowing the witness to testify as an expert in this area.

Equally without merit is plaintiff's claim that the trial court abused its discretion in denying plaintiff's request at trial to discover the computer program used by defendant's expert witness. A trial court's decision to grant or deny discovery is subject to reversal only if there has been an abuse of discretion. *Bowen v Nelson Credit Centers, Inc*,

137 Mich App 76, 82; 357 NW2d 811 (1984), lv den 422 Mich 877 (1985). In making the determination the trial court should consider whether the granting or extension of discovery will facilitate rather than impede the litigation. Factors such as the timeliness of the request, the duration of the litigation and the possible prejudice to the parties should also be considered. *Dafter Twp, supra,* p 159, quoting *Masters v City of Highland Park,* 97 Mich App 56, 60; 294 NW2d 246 (1980), lv den 409 Mich 937 (1980). Here, plaintiff's request for discovery was first made during the course of cross-examination of defendant's expert witness at trial. The trial court not only denied plaintiff's request for discovery of defendant's expert's computer program, but denied defendant's request for discovery of plaintiff's expert's computer program as well. In light of the late stage at which the request was made, the fact that similar discovery requests from each party were denied, and the trial court's expression of doubt as to the value of the requested information, we find no abuse of discretion.

Finally, plaintiff argues that defendant has not acted in good faith in its dealings with plaintiff. Good faith is defined in § 4(1) of the act, MCL 445.1564; MSA 19.856(24). Section 7(1) of the act provides that a manufacturer must give notice, act in good faith, and have good cause before it can cancel, terminate, fail to renew, or refuse to continue any dealer agreement with a new motor vehicle dealer. MCL 445.1567; MSA 19.856(27). However, the instant action was brought pursuant to § 16 of the act and not pursuant to § 7. In an action brought pursuant to § 16, the trial court is charged with determining whether good cause exists for the establishing or relocating of a proposed new motor vehicle dealer. There is no requirement that good faith be established independent of a

finding of good cause. Plaintiff's allegation that defendant has not acted in good faith is without merit.

The trial court's finding of good cause to relocate Holzer Ford is affirmed.

Affirmed.