ECCO, LIMITED v BALIMOY MANUFACTURING CO, INC

Docket No. 109178. Submitted May 4, 1989, at Marquette. Decided
    August 22, 1989. Leave to appeal applied for.

    ECCO, Limited, brought an action against Balimoy Manufactur-
    ing Company, Central Savings Bank and May Industries,·Inc.,
    doing business as KLZ Screw Products Company in the Chip-
    pewa Circuit Court. KLZ Screw Products Company filed a cross-
    claim against Central Savings Bank alleging promissory estop-
    pel and seeking money damages. The court, Nicholas J. Lamb-
    ros, J., entered a money judgment on a jury verdict in favor of
    ECCO, and KLZ Screw Products and Central Savings Bank
    appealed.

    The Court of Appeals *held:*

    1. The court properly submitted the claim of promissory
    estoppel to the jury. An action seeking only money damages
    presents a legal issue and is properly tried by a jury.

    2. The court did not abuse its discretion in preventing Cen-
    tral Savings Bank from impeaching a witness with evidence of
    the witness' having been disbarred.

    Affirmed.

1. DAMAGES — TRIAL — JURY.

    An action seeking only money damages presents a legal issue and
    is properly tried by a jury.

2. EVIDENCE — PREJUDICIAL EVIDENCE — RULES OF EVIDENCE.

    A court may exclude relevant evidence where its probative value
    is substantially outweighed by the danger of unfair prejudice
    (MRE 403).

*Lyle Andrew Peck,* for Central Savings Bank.

*Brian A. Peppler,* for May Industries, Inc., doing
business as KLZ Screw Products Company.

REFERENCES
Am Jur 2d, Evidence §§ 249 *et seq.*; Jury §§ 29 *et seq.*
See the Index to Annotations under Jury and Jury Trial; Promis-
    sory Estoppel.

Before: Murphy, P.J., and MacKenzie and Griffin, JJ.

Per Curiam. As relevant to the present appeal, this case involves claims by ECCO Limited and KLZ Screw Products Company against Central Savings Bank. ECCO and KLZ supplied parts and materials to Balimoy Manufacturing Company, a munitions manufacturer under contract with the United States Department of Defense. To alleviate suppliers' concerns about Balimoy's solvency, Central Savings Bank agreed to receive Balimoy's payments from the government and to pay the suppliers on behalf of Balimoy. Balimoy closed in 1982, prompting this action to recover monies owed. The case was eventually tried to a jury on the theory of promissory estoppel. The jury awarded KLZ damages of $78,114.13 plus interest and awarded ECCO $12,633.73 in damages plus interest. Central Savings Bank appeals as of right.

Central Savings Bank first contends that the trial court erred in allowing KLZ to try its claim of promissory estoppel before a jury. Despite the merger of law and equity in Michigan, there remains a constitutional right to have equitable claims decided by a court of equity rather than a jury. *Dutka v Sinai Hosp of Detroit,* 143 Mich App 170, 173; 371 NW2d 901 (1985), lv den 424 Mich 891 (1986). See also *Brown v Kalamazoo Circuit Judge,* 75 Mich 274, 284; 42 NW 827 (1889); *Abner A Wolf, Inc v Walch,* 385 Mich 253, 259; 188 NW2d 544 (1971); *Smith v University of Detroit,* 145 Mich App 468, 469; 378 NW2d 511 (1985). If a matter is "traditionally equitable," no right exists to a determination by a jury. *Fredal v Forster,* 9 Mich App 215, 228; 156 NW2d 606 (1967). See also *Emerson v Arnold (After Rem),* 92 Mich App 345, 353; 285 NW2d 45 (1979); *Chamberlain v Eddy,*

154 Mich 593, 604-605; 118 NW 499 (1908); *Detroit Trust Co v Struggles,* 283 Mich 471, 477; 278 NW 385 (1938); *Dutka, supra,* p 173.

Conversely the right to a trial at equity is present whenever the jurisdiction of equity is unquestioned. *Abner A Wolf, Inc, supra,* p 266.

Central Savings Bank correctly argues that promissory estoppel is a traditionally equitable doctrine. It is based on the idea that a particular promise must be enforced if injustice is to be avoided. *Malik v William Beaumont Hosp,* 168 Mich App 159, 172; 423 NW2d 920 (1988); *Nygard v Nygard,* 156 Mich App 94, 100; 401 NW2d 323 (1986). If equity jurisdiction is appropriate for all actions based on "traditionally equitable" doctrines, it would appear that KLZ's promissory estoppel theory should have been heard by the court alone. See *Fredal v Forster, supra,* p 228.

However, in addition to the assertion of a traditionally equitable claim, equity jurisdiction also requires that a plaintiff seek traditionally equitable relief. Thus, equity has jurisdiction where complete protection and relief requires the cancellation of written instruments, the rescission of a transaction, or other specific relief of an equitable character. *Hudson v Maher,* 55 Mich App 90, 93; 222 NW2d 47 (1974), citing *Haylor v Grigg-Hanna Lumber & Box Co,* 287 Mich 127, 133; 283 NW 1 (1938); *First Baptist Church v Solner,* 341 Mich 209, 217; 67 NW2d 252 (1954). See also *Hosner v Brown,* 40 Mich App 515, 539; 199 NW2d 295 (1972); *Robair v Dahl,* 80 Mich App 458, 461; 264 NW2d 27 (1978); *Kahoun v Metropolitan Life Ins Co,* 12 Mich App 441, 445; 162 NW2d 922 (1968).

In the present case, damages, and not specific equitable relief, were the requested remedy. A case that involves solely money damages presents a legal issue for the jury. No question has been

raised about the adequacy of this legal remedy, and defendant does not argue that the trial judge should have kept the case from the jury in order to shape an appropriate equitable remedy. Equity will not take jurisdiction where there is a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within its jurisdiction. *Excelsior Wrapper Co v Yund,* 176 Mich 372, 376; 142 NW 353 (1913), quoting *Detroit Trust Co v Old Nat'l Bank of Grand Rapids,* 155 Mich 61; 118 NW 729 (1908).

We recognize that in cases involving both equitable and legal issues, juries may decide factual issues relating to a claim for money damages, while judges retain the authority to determine the facts as they relate to equitable remedies such as specific performance or injunction. See *Smith, supra,* p 479; *Dutka, supra,* p 174. Moreover, where a plaintiff seeks damages in addition to equitable relief such as specific performance or an accounting, the question of damages may be decided without a jury. See generally 3 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), pp 139-140. In this case, however, relief in the form of money damages was not incidental to an equitable remedy; it was the only relief requested. Equity jurisdiction would not have been appropriate here. It was not error for the trial court to send this case to the jury.

Central Savings Bank also argues that it was denied a fair trial because it was not allowed to impeach ECCO's president and sole witness by inquiring into his 1984 disbarment from the practice of law. In arguing that the trial judge abused his discretion, Central Savings Bank relies heavily on *Anderson v Harry's Army Surplus, Inc,* 117 Mich App 601; 324 NW2d 96 (1982). *Anderson* involved a tent fire caused by a heater. The defen-

dants had been barred from introducing evidence of the plaintiff's consumption of beer and marijuana prior to the fire. This Court reversed, concluding that exclusion of the evidence presented the jury a distorted view of the events surrounding the accident. 117 Mich App 609.

The present case differs substantially from *Anderson.* Here, Central Savings Bank was not permitted to impeach a witness with reference to past events unrelated to the facts in issue. A more appropriate case for comparison is *Lehr v Rogers,* 16 Mich App 585; 168 NW2d 636 (1969). *Lehr* involved a traffic accident. The plaintiff was prevented from questioning the defendant about his discharge from employment for stealing and about his dishonesty during that investigation. This Court held that the trial court's decision to exclude this cross-examination into the defendant's credibility was "within the court's discretion and no abuse has been shown to us. Receiving such testimony would not have been error, but the denial of it is discretionary." 16 Mich App 587.

Similarly, in this case, the trial court did not abuse its discretion in prohibiting evidence of the witness' disbarment. While the witness' conduct leading to his disbarment was probative of credibility, the potential prejudicial effect of the evidence was great. There was no evidence that ECCO was involved in dishonest conduct. The unfair prejudicial effect of the evidence of unrelated past conduct substantially outweighed its probative value. MRE 403.

Affirmed.

MURPHY, P.J., concurred in the result only.