GELMAN SCIENCES, INC v FIREMAN'S FUND INSURANCE
COMPANIES

Docket Nos. 111722, 112825, 114207. Submitted January 3, 1990, at
Lansing. Decided April 17, 1990.

The Washtenaw County Health Department notified Gelman
Sciences, Inc., that area water supplies had been contaminated
with a chemical Gelman uses in its manufacturing process and
identified Gelman as potentially responsible for the contamina-
tion. Gelman notified its insurer, Fireman's Fund Insurance
Companies, which refused to defend or indemnify Gelman.
Gelman then made several very large expenditures associated
with the controversy, including the cost of installing city water
line hookups for area residents and businesses, the increased
costs of installing the township's sewer system, and fees for
attorneys and consultants. Gelman then brought a declaratory
judgment action in the Washtenaw Circuit Court against Fire-
man's seeking a determination that Fireman's had a duty to
defend and indemnify it for its expenditures and that its
refusal to comply constituted a breach of contract and bad
faith. The trial court, Patrick J. Conlin, J., found that Fire-
man's had a duty to defend Gelman and ordered Fireman's to
pay all defense costs. The court allowed Fireman's six months
of discovery before deciding the indemnity issue. Prior to such
decision, Gelman submitted a demand to Fireman's for the
payment of the costs of the water line hookup and sewer
installation. Fireman's refused and Gelman brought a motion
to compel payment. The judge ruled that he could not yet
determine whether the costs were in the nature of defense or
indemnification. He ordered the parties each to pay one-half of
them, pending a final ruling. Fireman's request for a jury trial
was denied by the court. Fireman's brought appeals from those
orders. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Contracts §§ 355, 425; Indemnity §§ 14-16; Insurance
§§ 712, 1405, 1415, 1417, 1418, 1771, 2034.

See the Index to Annotations under Insurance and Insurance
Companies.

1. The costs for the water hookup and sewer installations are indemnification damages, not defense costs. The trial court abused its discretion in ordering Fireman's to pay half of the expenses where its duty to indemnify had not yet been determined.

2. Fireman's had no right to a jury trial on the counts that it had a duty to defend or indemnify, the counts seeking equitable relief. Fireman's was entitled to a jury trial on the count requesting damages for breach of contract and bad faith, these being legal issues requiring factual resolutions.

Affirmed in part and reversed in part.

1. INDEMNITY — DEFENSE COSTS — DAMAGES.

Defense costs are monies expended to develop and put forth a theory that the defendant is not liable or only partially liable for the plaintiff's injuries; indemnification costs, being damages, are monies paid to compensate for injury suffered through the unlawful act or omission or negligence of another; one is not obligated to indemnify or pay damages to another until one's liability for the injury has been established.

2. EQUITY — TRIAL — JURY.

There is no right to a jury trial where the relief sought is equitable in nature, such as specific performance of the duties to defend and indemnify based on an insurance contract.

3. CONTRACTS — BREACH OF CONTRACT — DAMAGES — TRIAL — JURY — LEGAL ISSUES.

A party is entitled to have allegations seeking damages for breach of contract and bad faith, which are legal issues requiring factual resolutions, submitted to a jury.

*Cooper, Fink & Zausmer, P.C.* (by *David H. Fink, Mark J. Zausmer, Michael L. Caldwell,* and *Alan D. Wasserman*), for plaintiff.

*Plunkett & Cooney, P.C.* (by *John P. Jacobs* and *Robert G. Kamenec*), and *Rivkin, Radler, Dunne & Bayh* (by *William M. Savino, Gary D. Centola, Edward T. Finneran, III,* and *Carol R. Finocchio*), for defendant.

Amicus Curiae:

*Provizer, Lichtenstein, Pearlman & Phillips, P.C.*

(by *Randall Phillips*), and *Wiley, Rein & Fielding* (by *Thomas W. Brunner, Marilyn E. Kerst,* and *Matthew S. Bode*), of Counsel, for Insurance Environmental Litigation Association.

Before: MARILYN KELLY, P.J., and GILLIS and MACKENZIE, JJ.

PER CURIAM. This consolidated appeal stems from a declaratory action filed by Gelman Sciences, Inc. against its insurer, Fireman's Fund Insurance Companies.

Gelman manufactures medical and scientific equipment. In January, 1986, the Washtenaw County Health Department notified it that area water supplies had been contaminated with 1,4 dioxane. Gelman uses the chemical in its manufacturing process and was identified as potentially responsible for the contamination.

Gelman notified Fireman's which, on various grounds, refused to defend or indemnify. Gelman, acting alone in its defense, then made several very large expenditures associated with the controversy, including municipal water hookups, a sewer installation and fees for attorneys and consultants.

In September, 1986, Gelman filed suit against Fireman's seeking a declaratory judgment that the insurer had a duty to defend and indemnify it for expenditures associated with the controversy. After cross-motions for summary disposition, the judge found that Fireman's had a duty to defend Gelman. He allowed Fireman's six months of discovery before he decided the indemnity issue. He also ordered Fireman's to pay all defense costs.

Gelman then submitted a request to Fireman's for over $800,000, which included the cost of installing city water line hookups for area residents and businesses. In addition, it demanded $110,000

for increased cost in installing the township's sewer system. When Fireman's refused to honor the demands, Gelman brought a motion to compel payment. The judge heard argument of counsel and ruled he could not yet determine whether the costs involved were in the nature of defense or indemnification. He therefore ordered each party to pay one-half of them, pending a final ruling.

Fireman's requested a jury. The trial judge denied the request. Fireman's appeals as of right the order to pay half the cost of the water hookup and sewer installation and the denial of its request for a jury trial. We affirm in part and reverse in part.

Fireman's first claims the trial judge erred in ordering it to pay for the water line hookup and sewer installation. It maintains those expenses were indemnification, not defense, costs. Fireman's contends that Gelman has attempted to characterize them as defense costs in order to exceed the limits of its insurance policy.

There is no Michigan case law which discusses the difference between defense and indemnification costs. Defense is defined as that which is alleged by the party proceeded against in a suit as a reason why plaintiff should not recover or establish what he seeks. Black's Law Dictionary (5th ed), p 377. Thus, defense costs are monies expended to develop and put forth a theory that the defendant is not liable or only partially liable for the plaintiff's injuries.

Indemnification is a restoration "to the victim of a loss, in whole or in part, by payment, repair, or replacement." To indemnify is "to save harmless; to secure against loss or damage . . . to make reimbursement to one of a loss already incurred by him." Black's Law Dictionary (5th ed), p 692. Thus, indemnification costs, being damages, are monies paid to compensate for injury suffered through the

unlawful act or omission or negligence of another. Black's Law Dictionary (5th ed), pp 351-352. In the ordinary course of events, one is not obligated to indemnify or pay damages to another until one's liability for the injury has been established.

In this case, Gelman paid to hook up private entities to the city water system in order to mitigate future claims for injury due to contaminated ground water. Mitigation expenditures, it argues, should be considered defense costs, because they reduce liability. It applies the same reasoning to its expenditures for the increased cost of the sewer installation.

Gelman ignores the fact that, were it ultimately found not liable for the ground water contamination, it would not be legally responsible for the expenditures in question. The hookup and sewer installations are not necessary to defend Gelman. Rather, they represent an attempt to prevent injury that may occur in the future due to present ground water contamination. They are an effort to make potential injured parties whole. Preventative measures are cost effective and commendable, but in this case, they are indemnification damages not defense costs. Thus, the judge abused his discretion in ordering Fireman's to pay half of the expenses in question where its duty to indemnify has not yet been determined.

Fireman's next argues that the judge erred in denying its request for a jury trial. It claims questions of fact exist which should be decided by a jury.

Gelman filed a three-count complaint alleging that Fireman's had a duty to defend, a duty to indemnify, and that its refusal to comply constituted bad faith. Within these counts are allegations seeking damages for breach of contract.

Normally, an action for declaratory relief is

equitable in nature. There is no right to a jury trial where the relief sought is equitable in nature. *Comm'r of Ins v Advisory Bd of the Michigan State Accident Fund,* 173 Mich App 566, 586; 434 NW2d 433 (1988), lv den 433 Mich 872 (1989).

Gelman's complaint requests equitable relief by way of specific performance of the duties to defend and to indemnify based on the insurance contract. Hence, it is within the province of the judge to decide whether Fireman's owes Gelman a duty to indemnify it under the terms of the contract. However, Gelman has also requested damages for breach of contract and bad faith. These are legal issues requiring factual resolutions, and Fireman's is entitled to have them submitted to a jury. *Ecco, Ltd v Balimoy Mfg Co, Inc,* 179 Mich App 748, 749-751; 446 NW2d 546 (1989). The trial judge erred in denying a jury trial on Gelman's allegations of breach of contract and bad faith.

Affirmed in part; reversed in part. We do not retain jurisdiction.