TERMAAT v. BOHN ALUMINUM & BRASS COMPANY.

1. NEGLIGENCE—GREAT WEIGHT OF EVIDENCE.
   Verdict of jury that defendant was not negligent *held*, as a
   matter of law not contrary to the great weight of evidence
   in action by accounting firm's employee against defendant firm
   for injuries received while taking the physical inventory.

2. NEW TRIAL—DISCRETION OF COURT.
   The granting of a new trial lies within the sound discretion of the
   circuit judge.

3. APPEAL AND ERROR—VERDICTS—CLEAR WEIGHT OF EVIDENCE—NEW
   TRIAL—CREDIBILITY OF WITNESSES.
   The Supreme Court may not set aside the verdict of a jury
   unless it is manifestly against the clear weight of the evidence,
   since the Supreme Court is not the trier of the facts and, where
   a motion for new trial has been interposed and denied, it is
   presumed that the circuit judge, in a better position to see and
   hear the witnesses, has correctly measured the credibility and
   mental capacity of the witnesses.

4. NEGLIGENCE—ALUMINUM INGOTS—EVIDENCE—QUESTION FOR JURY.
   Negligence of defendant's lift-truck operator in handling alumi-
   num ingots while taking physical inventory in which plaintiff
   accountant participated *held*, to have been a jury question
   under evidence presented.

5. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—VERDICTS.
   Reversible error was not committed by circuit judge in submitting
   issue of contributory negligence to jury, even if instruction
   thereon be erroneous, where jury determined defendant was

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Negligence § 332.
[2] 39 Am Jur, New Trial § 201.
[3] 3 Am Jur, Appeal and Error §§ 890, 894.
[4] 38 Am Jur, Negligence § 344.
[5] 38 Am Jur, Negligence § 348.
[6] 38 Am Jur, Negligence §§ 362, 367.

not negligent, as the issue of contributory negligence was not reached.

6. Same—Inventory—Instructions—Evidence.

Instructions, given in accountant's action against firm to which he had been sent to participate in taking physical inventory and injured when load of aluminum ingots fell from lift truck, and which included charge as to both negligence and contributory negligence, *held*, proper under evidence presented as to the disputed facts.

Appeal from Ottawa; Smith (Raymond L.), J. Submitted January 10, 1961. (Docket No. 55, Calendar No. 48,590.)   Decided March 1, 1961.

Case by Peter Termaat against Bohn Aluminum & Brass Company, a Michigan corporation, for personal injuries sustained when struck by metal falling from a factory truck.   Verdict and judgment for defendant.   Plaintiff appeals.   Affirmed.

*Warner, Norcross & Judd,* for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant.

Kavanagh, J.   Plaintiff, an accountant, sued defendant corporation for personal injuries sustained by him when ingots fell or were thrown from defendant's fork-lift truck and landed on plaintiff.   At the time of his injury plaintiff was working for a firm of certified public accountants which was conducting an annual audit of defendant's affairs.   Plaintiff was sent by his employer to defendant's plant for the purpose of observing the taking of a physical inventory of aluminum ingots.   Plaintiff had arrived at the plant the day before and contacted one Jack Vogt, a metallurgist in the employ of defendant, who was in general charge of taking the physical inventory to be observed.   It was a matter of stand-

ard procedure, so far as the accounting firm was concerned, that plaintiff was not to enter the plant or make observations without being accompanied by a representative of defendant.

On the morning in question the last ingots were being counted and weighed. Plaintiff continued to observe the inventory as he had done the previous day. Ingots were being brought to a large scales on 2 lift-type trucks. Plaintiff was positioned at a point a few feet away from and facing the scales. Plaintiff testified that about 10 o'clock in the morning one of the vehicles carrying ingots approached the scales and then backed away, having failed to place its ingots on the scales prior to backing away. He further testified that the vehicle at this time backed out of his vision. He remained facing the scales and talking with Mr. Vogt. The next thing he knew he had fallen down and was lying on top of the ingots. He testified he did not realize the truck was making a turn behind him, nor did he hear the truck passing behind him. He also said he did not know the point where the ingots fell off the truck, since he had not seen them fall.

The driver of the vehicle from which the ingots fell testified he picked up the unbanded ingots with his truck. He described the stacks of ingots as being crosspiled and about 4 feet high. They were stacked in the same room in which plaintiff was standing. The driver further testified that in getting the ingots to the scales he picked up the stack with his truck and backed the truck toward the scales and in the direction of plaintiff. At a point about 10 feet distant from plaintiff he turned the back end of his vehicle so as to make a 90-degree arc away from the scales and the plaintiff, following which he proceeded straight ahead to the scales. He further testified he did not see plaintiff during the time he was making this turn since he was not paying too

much attention to him. He testified that when he made his turn the ingots fell off his truck, to the northeast, and in the direction of plaintiff. He admitted he knew plaintiff was standing about 10 feet away from the point where he had to make his turn and that if the ingots were to fall they would fall in the direction of plaintiff. He testified he did not know how fast he was traveling but would say "it was slow."

Plaintiff testified the driver drove around to the scales, miscalculated and missed it and then had to back up and proceed forward a second time to the scales. The driver testified this was not true. The driver further testified he had never previously had a load fall off the vehicle; that he made his turn around the same as he always did; and that he did not know why this load fell off.

Upon the conclusion of the proofs the case was submitted to the jury under instructions from the court, following which the jury returned a verdict in favor of defendant of no cause for action. The foreman announced the verdict in the following manner:

"Well, after due and careful consideration of all the facts we have gathered from the testimony on the witness stand, and court data furnished, we find no evidence of neglect on the part of the defendant, the Bohn Aluminum Company. Therefore, no cause for action."

The jury was polled individually and confirmed the foreman's statement.

Thereafter, plaintiff moved the trial court for a new trial for the reason the verdict of the jury was contrary to the clear weight of the evidence and to the greater and overwhelming weight of the evidence. Some 3 months later plaintiff amended his motion

for new trial to add as an additional and further ground the following:

"The court erred in charging the jury in reference to the claims of the defendant that if they should find that plaintiff was guilty of contributory negligence which was the proximate cause of the accident and injury he sustained, their verdict should be [in] favor of the defendant of no cause for action."

Plaintiff contends the charge on contributory negligence was erroneous for the reason there was no evidence in the case to warrant such an instruction. The motion was denied and appeal was filed with this Court.

The first question presented to us is: Should the trial court have set aside the verdict of the jury and ordered a new trial for the reason the verdict rendered was against the great weight of the evidence? Upon an examination of the appendices and record, we cannot say as a matter of law that the verdict of the jury was contrary to the great weight of the evidence.

The granting of a rehearing or a new trial lies within the sound discretion of the circuit judge. *Finch* v. *W. R. Roach Co.,* 299 Mich 703, 712.

In *Fabbro* v. *Soderstrom,* 252 Mich 455, the Court said (pp 458, 459):

"The jury is the trier of the facts. If their verdict is against the clear weight of the evidence, it is the duty of the trial judge to correct it. He has an opportunity to do so in passing on a motion for a new trial. When he has weighed the evidence and approved of the verdict, this Court will not disturb it unless there are very clear reasons for doing so. The consideration which this Court will give to his judgment is well stated in applicable language by Justice Fellows in *Pachuczynski* v. *Detroit United Railway,* 202 Mich 594:

" 'But in the determination of the question in this Court it must be borne in mind that this Court is not the trier of the facts. We cannot invade the province of the jury. It must also be kept in mind that the trial judge heard and saw the witnesses, was in a position to judge of their credibility and their mental capacity; that the presumption that he correctly measured them must be considered, and that we may not set aside a verdict unless it is manifestly against the clear weight of the evidence.' "

In the instant case plaintiff did not move for a directed verdict. Plaintiff made several requests to charge but made no request for an instruction that the defendant was guilty of negligence as a matter of law. Plaintiff was satisfied to present the matter to the jury and presumably felt at that time it was a question of fact as to the negligence of defendant.

Plaintiff claims defendant's employee-driver of the truck was negligent in failing to approach the scales in a proper manner in his first attempt and was thereafter negligent in the manner in which he made the second attempt to reach the scales. Plaintiff testified he recollected seeing the truck come up to the scales and back away. The driver testified, however, he did not miscalculate and did not drive to the scales and then have to back up and make a second attempt to reach the scales. This testimony alone presented disputed facts which the jury, under a proper instruction, was entitled to consider with reference to the negligence of defendant.

Justice COOLEY, in *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99, quoting from another case, said (p 123):

" 'The fact of negligence is very seldom established by such direct and positive evidence that it can be taken from the consideration of the jury and pronounced upon as matter of law. On the con-

trary, it is almost always to be deduced as an inference of fact, from several facts and circumstances disclosed by the testimony, after their connection and relation to the matter in issue have been traced, and their force and weight considered.' "

We cannot say, as a matter of law, after reading the entire record, that the verdict of the jury was contrary to the great weight of the evidence, and for that reason, under these circumstances, we do not reverse. *Molitor* v. *Burns,* 318 Mich 261; *McDuffie* v. *Root,* 300 Mich 286; *Murchie* v. *Standard Oil Co.,* 355 Mich 550.

The second question on appeal is: Should the trial judge have given a charge with reference to contributory negligence on the part of plaintiff, when, as plaintiff contends, there was no evidence of contributory negligence on his part?

It is apparent from the verdict of the jury that contributory negligence had nothing to do with the verdict. If we were to admit that the charge with reference to contributory negligence should not have been given, we still could not reverse since the record discloses the jury decided the case by finding no negligence on the part of defendant and consequently did not reach the question of contributory negligence.

The form of the jury's verdict was not made the subject of objection or motion. We regard it both as a specific finding of no negligence as charged and a general verdict for the defendant. We believe the issue of contributory negligence was not reached by the jury and that the alleged erroneous instruction on the subject of contributory negligence did not in such circumstances amount to reversible error. See *Britten* v. *Updyke,* 357 Mich 466, and cases therein cited.

The trial court did not err in refusing plaintiff's motion for new trial. His action in this regard is affirmed. Defendant shall have costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.