KRZYSIAK v HINTON

Docket No. 46998. Submitted October 8, 1980, at Lansing.—Decided March 3, 1981.

Joseph Krzysiak, Jr., and Kathleen J. Krzysiak brought an action for damages to property and personal injury to Joseph and loss of consortium to Kathleen against Faith E. Hinton, in Bay Circuit Court. The action arose out of an automobile accident in which plaintiffs' automobile, being operated by Joseph Krzysiak, Jr., was struck in the rear while waiting to make a left-hand turn by the automobile being operated by the defendant. The jury rendered a verdict of no cause of action in favor of the defendant. Judgment was entered for defendant, Ira W. Butterfield, J. The plaintiffs appeal alleging that 1) the trial court erred in failing to direct a verdict in favor of plaintiffs on the issue of the defendant's liability, 2) reversible error resulted from the trial court's refusal to ask certain voir dire questions submitted by plaintiffs, 3) the trial court erred in failing to instruct the jury that the defendant had violated the assured clear distance ahead statute as a matter of law, 4) the trial court erred in denying plaintiffs' request for instructing the jury on SJI 23.01, 5) reversible error occurred because the trial

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 57 Am Jur 2d, Negligence § 6.

[2] 5 Am Jur 2d, Appeal and Error §§ 555, 556, 628.

[3] 47 Am Jur 2d, Jury §§ 195-201.

[4] 75 Am Jur 2d, Trial § 610.

Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.

[5] 5 Am Jur 2d, Appeal and Error § 562.

[6] 7 Am Jur 2d (Rev), Automobile Insurance § 365.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[7] 29 Am Jur 2d, Evidence §§ 876, 877.

30 Am Jur 2d, Evidence §§ 931, 934, 1002.

Refreshment of recollection by use of memoranda or other writings. 82 ALR2d 473.

Admissibility of report of police or other public officer or employee, or portions of report, as to cause of or responsibility for accident, injury to person, or damages to property. 69 ALR2d 1148.

court failed to instruct the jury that contributory negligence was not an issue, 6) the trial court erred in submitting the issue of serious impairment of body function to the jury, 7) the trial court's instruction on the issue of serious impairment of body function failed to state the substance of the law, and 8) the trial court erred in limiting cross-examination of the defendant based upon a police report concerning which she admitted familiarity. *Held:*

1. Viewing the evidence most favorably to the defendant, she was not necessarily negligent. The trial court did not commit reversible error in denying the plaintiffs' motion for a directed verdict on the issue of the defendant's liability.

2. Plaintiffs were obligated to raise the issue of the trial court's refusal to give certain requested voir dire questions in their motion for a new trial and failure to do so constitutes waiver of the question on appeal. On considering the issue nevertheless, the Court of Appeals finds that the trial court did not err in refusing to ask the voir dire questions submitted by the plaintiffs.

3. The plaintiffs did not object at the time of trial or in their motion for judgment notwithstanding the verdict or, in the alternative, for a new trial to the trial court's failure to instruct the jury that the defendant had violated the assured clear distance ahead statute as a matter of law..Therefore, the issue is not preserved for appeal.

4. The trial court did not err in not giving SJI 23.01 since that instruction is appropriate only where a defendant admits liability.

5. The trial should have been conducted under the theory of comparative negligence. However, on appeal, neither party raised this issue and since the issue has not been briefed nor raised, it is abandoned.

6. The trial court did not err in refusing to include a jury instruction on contributory negligence in its final charge to the jury.

7. The trial court did not err in submitting to the jury the issue of serious impairment of body function since there was conflicting expert testimony concerning the extent of the plaintiff Joseph Krzysiak's injury. Thus, the trial judge was not required to find, as a matter of law, that the threshold of serious impairment was reached.

8. Reversible error was not committed in the trial court's jury instruction regarding serious impairment of body function

since the instruction did not detract from the statutory standard but provided the jury an opportunity to define the statutory phrase in a more liberal and expansive way than the statute appears to contemplate.

9. The trial court did not err in refusing to allow plaintiffs' counsel to cross-examine the defendant based on a police report with which she had some familiarity since, after being shown the police report, the defendant did not indicate that her memory had been refreshed. The police report could not be properly received in evidence because plaintiffs were not able to demonstrate that the report constituted its author's past recollection recorded. The defendant did not write the report and the plaintiffs were unable to establish that the report had been adopted by the defendant when the matter was fresh in her memory.

Affirmed.

1. NEGLIGENCE — JURY QUESTIONS.

The negligence question in a negligence action is taken from the trier of fact only where there are no facts in dispute and the negligence is crystal clear.

2. APPEAL — MOTION FOR NEW TRIAL — PRESERVING QUESTION — VOIR DIRE.

Failure to raise the issue, in a motion for a new trial, of a trial court's refusal to give certain requested voir dire questions precludes appellate review of the issue.

3. JURY — VOIR DIRE — APPEAL.

The purpose of voir dire is to provide counsel an opportunity to obtain sufficient information upon which to develop a rational basis for excluding prospective jurors whether for cause or by peremptory challenge; the scope of voir dire examination of jurors is within the discretion of the trial judge and his decision will be set aside only where there is an abuse of discretion.

4. NEGLIGENCE — ADMISSION OF LIABILITY — STANDARD JURY INSTRUCTIONS.

The Michigan standard jury instruction which provides that a defendant has admitted he is liable to the plaintiff for any damages which he caused and that the jury is only to decide what damages were caused by the defendant and the amount to be awarded to the plaintiff is only appropriate where a defendant admits liability (SJI 23.01).

5. APPEAL — ABANDONED ISSUES.

An issue is abandoned on appeal if neither plaintiff nor defendant brief the issue or raise the issue on appeal.

6. NEGLIGENCE — AUTOMOBILE ACCIDENTS — SERIOUS IMPAIRMENT OF BODY FUNCTION.

The issue of serious impairment of body function in a no-fault automobile accident case presents a question of fact that is within the exclusive province of the trier of fact and where there is insufficient evidence to require the trial judge to find as a matter of law that the threshold of serious impairment was reached, the issue is properly submitted to the trier of fact.

7. EVIDENCE — POLICE REPORTS.

Generally, police reports are offered to prove the truth of their contents and thus constitute hearsay; however, a police report could be received as substantive evidence if the proponent is able to demonstrate that the report constitutes its author's past recollection recorded, or it can be used by a witness to refresh his recollection if the appropriate foundation is established.

*Skinner & Gustafson* (by *Charles E. Binder),* for plaintiffs.

*William E. Jungerheld,* for defendant.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

BEASLEY, J. Plaintiffs sue defendant for damages to property and for personal injury arising out of an automobile collision that occurred on May 16, 1975, at approximately four in the afternoon, when plaintiffs' car was struck by a car operated by defendant while plaintiff, Joseph Krzysiak, Jr., was waiting to make a· left-hand turn. The case was tried before a jury in May, 1979, which rendered a verdict of no cause of action in favor of defendant. Plaintiffs appeal as a matter of right. After full appellate review, we affirm.

The first and major issue raised by plaintiffs is whether the trial court erred in failing to direct a

verdict in favor of plaintiffs on the issue of defendant's liability.

The testimony is undisputed that plaintiff, Joseph Krzysiak, Jr., was stopped for a matter of seconds preparing to make a left turn when his car was struck in the rear by defendant. Defendant testified that she did not see plaintiffs' car until just prior to the impact and that when she did see plaintiffs' car she slammed on her brakes and struck plaintiffs' car in the rear.

Plaintiffs cite *Davids v Goodyear Tire & Rubber Co*[1] in support of their position. In *Davies,* we held that where the testimony regarding a fact is undisputed, the jury should be instructed to find that fact in accordance with that testimony.[2]

The negligence question is taken from the jury only where there are no facts in dispute and the negligence is "crystal clear".[3] It must be a very clear case to justify a trial judge in taking a negligence question from the jury.[4] In short, if we mean what we say when we say the jury is the sole determiner of the facts, we should be extremely reluctant to take fact questions from the jury. The right to find the facts includes the right to be wrong. Or, to put it another way, who is to decide which is right and which is wrong.

Defendant testified that she noticed a light-colored car signaling a left-hand turn in the lane in front of her and gauged her distance and speed in relation to that car. She noticed a dark-colored car passing her rapidly on her right, she glanced to the left, and when she looked back in front of her

[1] 91 Mich App 347; 282 NW2d 172 (1978).

[2] *Id.,* 351.

[3] *Nabozny v Hamil,* 361 Mich 544; 106 NW2d 230 (1960).

[4] *Kaminski v Grand Trunk W R Co,* 347 Mich 417; 79 NW2d 899 (1956).

she saw a dark-colored car, plaintiffs' car, in front of her and immediately slammed on her brakes. Therefore, viewing the evidence most favorably to defendant, she was not necessarily negligent. Thus, we decline to find reversible error in the trial court's denial of plaintiffs' motion for a directed verdict on the issue of liability.

At the opening of trial, plaintiffs submitted to the court a series of proposed jury voir dire questions. Two of these questions the trial court refused to ask the jury. They were:

"9. Have you, your spouse, or any member of your immediate family ever worked for an insurance company as a claims adjustor or an insurance adjustor?

"11. This accident involves two automobiles. One was driven by a woman, Faith Hinton, the defendant in this case. The other was driven by Joseph Krzysiak, the plaintiff. Do you hold any opinions about woman drivers, or, for that matter, male drivers, which might effect your determination of the facts surrounding this accident?"

Plaintiffs say this refusal constituted reversible error. Defendant responds first by asserting that since plaintiffs failed to raise this issue in their motion for judgment notwithstanding the verdict or, in the alternative, for new trial, that it has not been preserved for raising on appeal. We agree with defendant. Plaintiffs were obligated to raise this issue in their motion for new trial and failure to do so constitutes waiver of the question on appeal. Failure to raise the issue in the motion for new trial deprives us on appeal of the benefit of the trial court's view regarding its reason for denial. In spite of this, we will, however, discuss this issue.

The purpose of voir dire is to provide counsel an

opportunity to obtain sufficient information upon which to develop a rational basis for excluding prospective jurors whether for cause or by peremptory challenge.[5] The scope of voir dire examination of jurors is within the discretion of the trial judge, and his decision will be set aside only where there is an abuse of discretion.[6]

During voir dire, the trial court asked the prospective jurors their name, their occupation, the name and occupation of their spouse, if any, and if they or their spouse have more than one occupation and, if so, to indicate what it was. Thus, it is apparent that if any of the prospective jurors had worked for an insurance company in any capacity, it would have been brought out on voir dire.

The trial court was not required to inquire or to ask prospective jurors in exactly the form suggested and requested by plaintiffs' counsel. Rather, it was sufficient if the information was obtained for possible use by counsel. We do not find that the trial court erred in refusing to ask the question requested by plaintiffs' counsel regarding insurance.

The second request that plaintiffs make on appeal relates to the possibility that a juror might believe that women make bad drivers, or some such prejudice. In fact, the trial court asked the jurors if they could decide the case on the evidence that they heard from the witness box and from any exhibits that might be admitted. They indicated that they could. This was sufficient. A specific inquiry regarding a sexual prejudice reqarding automobile driving was not called for under these circumstances.

Plaintiffs also claim that in the light of the

---

[5] *Carter v Braunstein*, 89 Mich App 119; 279 NW2d 596 (1979).

[6] *People v Harrell*, 398 Mich 384; 247 NW2d 829 (1976).

testimony it was error for the trial court to fail to
instruct that defendant had violated the assured
clear distance ahead statute as a matter of law. At
trial, plaintiffs did not object to the trial court's
instruction to the jury on the subject of the as-
sured clear distance ahead statute. Also, plaintiffs
did not raise this issue in their motion for judg-
ment notwithstanding the verdict or, in the alter-
native, for a new trial. Since there was not any
objection made to this aspect of the jury instruc-
tion at trial, the question would not appear to be
preserved for appeal.[7]

As a matter of fact, plaintiffs appeared to re-
quest the court to give the assured clear distance
ahead instruction, saying:

"We'll withdraw 12.02 and ask that the Court put
MCL 257.402 under the statutory instructions, the 'as-
sured clear distance'—"

Under these circumstances, we hold that plaintiffs
have not preserved this issue for consideration
upon appeal.[8] In this connection, plaintiffs also
argue on appeal that the trial court erred in
denying their request to give SJI 23.01, which
provides as follows:

"The defendant has admitted that he is liable to the
plaintiff for any (injury) (damages) which he caused.
You are to decide only [what (injuries) (damages) were
caused by defendant and] the amount to be awarded to
the plaintiff for such (injury) (damages)."

SJI 23.01 is appropriate only where a defendant
admits liability. In the instant case, the testimony

[7] *Hunt v Deming,* 375 Mich 581; 134 NW2d 662 (1965).

[8] *Harper v National Shoes, Inc,* 98 Mich App 353; 296 NW2d 1
(1979).

of defendant did not rise to the level of a judicial admission. There was no error in not giving SJI 23.01.

Plaintiffs also claim that, under the circumstances of this case, it was reversible error to fail to instruct the jury that contributory negligence was not an issue. In this case, trial commenced on May 3, 1979, a few months following the decision in *Placek v Sterling Heights,*[9] which was decided on February 8, 1979. *Placek* indicated that the rule announced, namely, that of comparative negligence, was applicable to all cases in which the trial commenced after the date of the opinion.

In this case, defense counsel requested that the trial be conducted and the jury instructed pursuant to *Placek.* However, the trial court refused, holding that it was too late to raise the issue since the parties had stipulated that the pleadings were in order, which excluded the question of contributory negligence, since it had not been raised up to that point. Nonetheless, defense counsel asked that the jury be instructed as to comparative negligence and filed proposed jury instructions to that effect.

We would be inclined to believe that the trial should have been conducted under the theory of comparative negligence. However, on appeal, neither party raises this issue. Consequently, since the issue has not been briefed nor raised on appeal, we consider it abandoned.[10] Consequently, we decline to find error in the failure to conduct this trial under *Placek, supra.*

In this case, defendant did not raise any issue of contributory negligence in her pleadings or other-

[9] *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).

[10] *Royal Indemnity Co v H S Watson Co,* 93 Mich App 491; 287 NW2d 278 (1979).

wise. It was not argued. The proposed jury instructions submitted by plaintiffs did not include a request for the standard jury instruction on contributory negligence. The only reference to a jury instruction on contributory negligence was hand written in the record and filed with the court on May 18, 1979, which was subsequent to the trial. Furthermore, plaintiffs' counsel did not object to the trial court's failure to give that instruction. We conclude it was not properly preserved for appeal. But, even if it had been preserved, it would not appear to constitute reversible error.

The trial court did not charge the jury immediately before its deliberation as to the issue of contributory negligence. However, when defendant attempted to raise it on cross-examination, the court did give a limiting instruction to the jury. This was during trial. Moreover, after review of closing arguments, it is not apparent that defense counsel attempted to raise the issue by implication. Under these circumstances, we do not find error in the trial court's refusal to include such an instruction in its final charge to the jury.

Plaintiffs also claim that it was error to submit to the jury the issue under the statute of serious impairment of bodily function. There was conflicting expert testimony concerning the extent of plaintiff's injury. We do not find that this evidence was sufficient to require the trial judge to find, as a matter of law, that the threshold of serious impairment was reached.[11]

Plaintiffs further claim that the trial court's instruction on the issue of "serious impairment of body function" failed to state the substance of the

---

[11] See, *Watkins v City Cab Corp*, 97 Mich App 723; 296 NW2d 162 (1980).

law on this question and cites *Stevens v Hogue,*[12] where we stated:

"We do not mean to intimate that the statutory phrase *must* be amplified. We hold that the trial court's amplification in this case did not detract from the statute or invade the province of the jury. Plaintiff was thus not prejudiced by the instruction."

Review of the instruction given by the trial court in the instant case indicates that the instruction as given did not detract from the statutory standard. If anything, the instruction given provided the jury an opportunity to define the statutory phrase in a more liberal and expansive way than the statute appears to contemplate. We decline to find that reversible error was committed in failing to give a more complete definition of the term "serious impairment of body function".

Plaintiffs also claim that it was error for the trial court to limit cross-examination of defendant based upon a police report concerning which she admitted familiarity. The transcript indicates that during the course of defendant's cross-examination, she voluntarily and without prompting stated her familiarity with a police report covering the accident giving rise to this case. While defendant indicated familiarity with the fact that a police report had been made, she did not indicate intimate knowledge of all of the details contained in the police report. Plaintiffs' claims here are without merit, and the cases cited, namely, *Schratt v Fila*[13] and *People v Couch,*[14] do not support the proposition for which plaintiffs cite them.

In this case, plaintiffs do not attempt to offer the

[12] 85 Mich App 185, 189, fn 4; 270 NW2d 735 (1978).
[13] 371 Mich 238; 123 NW2d 780 (1963).
[14] 49 Mich App 69; 211 NW2d 250 (1973).

police report in evidence as substantive evidence by way of the police officer who made out the police report. In general, police reports are offered to prove the truth of their contents and, thus, constitute hearsay.[15]

The police report could be received in evidence if the proponent is able to demonstrate that the report constitutes its author's past recollection recorded, or it can be used by a witness to refresh his recollection if the appropriate foundation is established. In this case, the police report could not be properly received in evidence because plaintiffs were not able to demonstrate that the report constituted its author's past recollection recorded. Defendant did not write the police report. Plaintiffs were unable to establish that the report had been adopted by defendant when the matter was fresh in her memory as required by MRE 803(5). Thus, the police report could not be received in evidence based on past recollection recorded.

In this case, after being shown the police report, defendant did not indicate that her memory had been refreshed. She was not able to agree or disagree with many of the notations on the police report. We do not find error in the trial court's refusal to allow plaintiffs' counsel to cross-examine defendant based upon the police report.

We find plaintiffs' other allegation of reversible error to be without merit.

Affirmed.

---

[15] *Moncrief v Detroit,* 398 Mich 181; 247 NW2d 783 (1976).