FIFE v WARREN

Docket No. 51277. Submitted March 13, 1981, at Lansing.—Decided April 22, 1981. Leave to appeal applied for.

Ernest L. Fife commenced a tort action against Barbara B. Warren for damages arising out of a collision between plaintiff's and defendant's motor vehicles. Defendant moved for summary judgment on the basis that there was no genuine issue of material fact and that defendant was entitled to summary judgment as a matter of law. The pleadings and offered proofs showed that the collision took place within the parking space occupied by the defendant, even though defendant's automobile had just started to move. The Shiawassee Circuit Court, Peter J. Marutiak, J., granted defendant's motion for summary judgment, finding that there was no genuine issue as to any material fact since plaintiff had failed to produce any evidence of negligence on the part of defendant. Plaintiff appeals. *Held:*

Since there was no genuine issue as to the fact that the collision occurred within the boundary lines of the parking space occupied by the defendant, the defendant was entitled to judgment as a matter of law. Summary judgment in favor of defendant, therefore, was properly granted.

Affirmed.

BEASLEY, P.J., dissented. He would hold that there remained as questions of fact whether the defendant violated her duty to drive as a reasonably prudent person would under the same or similar circumstances and whether her driving was a proximate cause of the collision. He would reverse and remand for a trial on the merits.

OPINION OF THE COURT

1. JUDGMENTS — SUMMARY JUDGMENT — AUTOMOBILES — QUESTIONS OF FACT — COURT RULES.

Summary judgment was properly granted in favor of a defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d (Rev), Automobiles and Highway Traffic § 975.
[2] 8 Am Jur 2d (Rev), Automobiles and Highway Traffic §§ 975, 1103.

in an automobile accident case where the proofs offered showed that, although defendant's automobile had started to move, the collision occurred within the boundary lines of the parking space on a street occupied by the defendant, since under such circumstances there was no genuine issue as to any material fact and the defendant was entitled to judgment as a matter of law (GCR 1963, 117.2[3]).

DISSENT BY BEASLEY, P.J.

2. JUDGMENTS — SUMMARY JUDGMENT — AUTOMOBILES — QUESTIONS OF FACT.

*Summary judgment in an automobile accident case is not properly granted where under the proofs offered by the plaintiff there exist disputed questions of fact as to whether the defendant violated the duty to act as a reasonably prudent person would under the same or similar circumstances and whether the defendant's acts were a proximate cause of the resulting damages.*

*Smith & Smith,* for plaintiff.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *Julius I. Hanslovsky* and *John A. Yeager),* for defendant.

Before: BEASLEY, P.J., and BASHARA and MAC-KENZIE, JJ.

BASHARA, J. Plaintiff appeals from a summary judgment in favor of defendant in an automobile negligence action. Defendant's motion was based on GCR 1963, 117.2(3), and asserted that there was no genuine issue of material fact and that defendant was entitled to summary judgment as a matter of law.

The facts are undisputed. Plaintiff was traveling south on Main Street in Perry, Michigan, when he executed a right turn into a bank. In so doing, he came into contact with defendant's auto. The de-

fendant's vehicle was at all times within the boundary lines of a parking space on the street. Defendant was in her car and had just begun to move when the collision occurred. Her automobile had traveled about 12 inches but was still within the parking boundary lines at the point of impact.

Based upon the facts in this case, we are in agreement with the trial court's conclusion that plaintiff did not produce any evidence of negligence on the part of the defendant. As there was no genuine issue as to any material fact, summary judgment was proper. See *Hollowell v Career Decisions, Inc,* 100 Mich App 561; 298 NW2d 915 (1980), *Brook v Reed,* 93 Mich App 166; 286 NW2d 81 (1979), and *Gamet v Jenks,* 38 Mich App 719; 197 NW2d 160 (1972).

Affirmed.


MacKenzie, J., concurred.


Beasley, P. J. *(dissenting).* I respectfully dissent.

The issue of material fact was whether defendant's driving her car about 12 inches within her parking space in collision with plaintiff's truck violated her duty to drive as a reasonably prudent person would under the same or similar circumstances and, if so, whether her driving was a proximate cause of the collision. I would hold these questions are of fact for the jury under the usual instruction regarding the law.[1]

I would vote to reverse the summary judgment and to remand for trial on the merits. However, since plaintiff's brief does not conform to the court rules, I would not award costs.

---

[1] SJI 10.01, 10.02, 10.04 and 15.01. See, *Krzysiak v Hinton,* 104 Mich App 134; 304 NW2d 823 (1981).