## HESHELMAN v LOMBARDI

Docket No. 111627. Submitted December 20, 1989, at Lansing. Decided April 2, 1990. Leave to appeal applied for.

Eva Heshelman brought a medical malpractice action in the Calhoun Circuit Court against Kenneth Lombardi, M.D., and Battle Creek Medical Associates, P.C. The jury found that Dr. Lombardi had not been negligent in his diagnosis or treatment of plaintiff and rendered a verdict for defendants. The trial court, James C. Kingsley, J., rendered a judgment in accordance with the jury's verdict. Plaintiff appealed alleging several errors.

The Court of Appeals *held:*

1. The jury's verdict was not against the great weight of the evidence. The trial court properly denied plaintiff's motion for a new trial.

2. No error requiring reversal occurred in regard to the jury instructions.

3. Plaintiff did not properly preserve for appeal the issue regarding alleged newly discovered evidence. In addition, the evidence in question was not newly discovered.

4. Harmless error occurred when the trial court allowed defense counsel to cross-examine plaintiff's expert regarding an unrelated malpractice suit brought against the expert. Plaintiff's objection on the record to such cross-examination preserved the issue for appellate review. There is no additional requirement that such objection be stated again in a motion for a new trial. Assertions to the contrary in two Court of Appeals cases cited by the defendants were rejected.

Affirmed.

G. S. ALLEN, J., concurred and wrote separately to express his interpretation of the Court of Appeals cases relied upon by defendants to claim that the issue regarding the trial court's allowance of the cross-examination of plaintiff's expert regard-

REFERENCES

Am Jur 2d, Appeal and Error § 624; Physicians, Surgeons, and Other Healers §§ 357, 364.

Malpractice in diagnosis and treatment of diseases or conditions of the heart or vascular system. 19 ALR3d 825.

ing an unrelated malpractice suit brought against the expert had not been preserved for appeal.

1. MOTIONS AND ORDERS — APPEAL — NEW TRIAL.

The determination whether to grant a motion for a new trial is within the trial court's discretion; the standard of review is whether the verdict was against the overwhelming weight of the evidence; the Court of Appeals, in determining whether the evidence was overwhelming, gives deference to the trial court's unique ability to judge the weight and credibility of the testimony and will not substitute its judgment for that of the jury unless the record reveals a miscarriage of justice.

2. JURY — JURY INSTRUCTIONS — EXPERT WITNESSES.

A trial court may instruct the jury regarding the testimony of expert witnesses, pursuant to CJI2d 5.10, without stating reasons on the record for the giving of such instruction; CJI2d 5.10 is not an instruction on "weighing expert testimony" which the Michigan Court Rules Committee has recommended not be given (CJI2d 5.10; SJI2d 4.10; MCR 2.516[D][3]).

3. APPEAL — PRESERVING QUESTION — EVIDENCE — CONCEALMENT OF EVIDENCE.

An issue regarding defendant's alleged concealment of evidence at trial is not preserved for appeal where plaintiff neither objected to the alleged concealment at trial, despite being aware thereof, nor objected to the claimed concealment in his motion for a new trial and the issue, therefore, was not addressed by the trial court.

4. APPEAL — PRESERVING QUESTION — EVIDENCE.

Certain motions, such as challenges to verdicts on the ground that they are against the great weight of the evidence, must be raised in a motion for a new trial in order to preserve them for appeal; however, issues regarding the admission or exclusion of evidence are properly preserved by a timely objection on the record; a timely objection on the record, with a response by opposing counsel and a ruling by the trial judge, should create an adequate record from which to review the admission or exclusion of evidence and there is no additional requirement that a party restate his evidentiary objections anew in his motion for a new trial (MRE 103).

*Field & Field, P.C.* (by *Samuel T. Field*), for plaintiff.

*Bremer, Wade, Nelson, Mabbitt & Lohr* (by *Phil-*

*lip J. Nelson* and *Michael D. Wade*), for defendants.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and G. S.ALLEN,* JJ.

MICHAEL J. KELLY, P.J. Plaintiff Eva Heshelman appeals from a jury verdict of no cause of action in favor of defendants Kenneth Lombardi, M.D., and Battle Creek Medical Associates, P.C. Plaintiff sued defendants for alleged medical malpractice arising from Dr. Lombardi's failure to diagnose and treat her heart attack. Following a four-day trial, the jury found that Dr. Lombardi had not been negligent in his diagnosis or treatment of plaintiff and rendered a verdict for defendants.

Plaintiff testified that on February 26, 1985, at around 11:00 A.M. she felt sudden chest pains and pain in her left arm. Plaintiff was fifty-nine years old and had a prior history of atherosclerotic artery disease. Plaintiff had undergone an operation in 1982 to remove atherosclerotic obstructions. Plaintiff's family had a history of heart disease. Plaintiff also smoked and had been smoking for the past thirty-five years.

After feeling chest pains, plaintiff went to see Dr. Lombardi. She testified that when she arrived at Lombardi's office she was perspiring and had almost fainted. When Lombardi examined her, she told him that she was suffering pain in her chest and in her left arm. According to plaintiff, Lombardi did not question her in detail about her symptoms. Plaintiff testified that Lombardi told her that the causes of her complaints were that she was working too hard, was overweight, and was smoking too much. Dr. Lombardi did not give plaintiff an electrocardiogram.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

When plaintiff returned home, her pain did not subside. At around 7:00 P.M. that evening, plaintiff went to a hospital emergency room, where she was diagnosed as suffering from a myocardial infarction. Plaintiff's heart was damaged as a result of this infarction. A cardiac catheterization indicated that her right coronary artery was totally occluded. An angiogram performed in April of 1987 indicated that the artery was still occluded but that her other blood vessels were normal and her overall heart function was good.

At trial, plaintiff's expert, Dr. Crane, testified that a physician confronted with a patient complaining of chest pains should first check the patient's medical history. Crane faulted Dr. Lombardi's failure to obtain adequate information on plaintiff's history. Crane testified that Lombardi's failure to adequately check plaintiff's history led to inadequate treatment and diagnosis. In Dr. Crane's opinion, an electrocardiogram performed at the time of Lombardi's examination would have demonstrated a cardiac abnormality.

Dr. Lombardi testified that when he examined plaintiff she complained only of mild tightness in her chest and did not mention pain in her arms. Lombardi testified that he had taken a proper history from plaintiff and that his method of charting was common practice. Lombardi said he examined plaintiff and listened to her heart and that she was not sweating or exhibiting other symptoms of a heart attack. Lombardi diagnosed plaintiff as having a respiratory infection. Lombardi testified that he was familiar with the standard of care applicable to specialists in internal medicine and that he had not violated that standard of care.

Defendants also presented an expert witness, Dr. Dykman, who testified regarding plaintiff's damages. Dr. Dykman specifically stated that he was

not testifying regarding the standard of care or any breach thereof.

Following the jury verdict in favor of defendants, plaintiff moved for a new trial based upon alleged instructional error and the verdict being against the great weight of the evidence. The court denied plaintiff a new trial. Plaintiff appeals as of right, raising four issues.

I

The first issue we address is whether the jury's verdict was against the great weight of the evidence. Plaintiff claims that the trial court erred in not granting her a new trial on this basis. We find no error.

Whether to grant a motion for a new trial is within the trial court's discretion. *Termaat v Bohn Aluminum & Brass Co,* 362 Mich 598, 602; 107 NW2d 783 (1961). The standard of review is whether the verdict was against the overwhelming weight of the evidence. *Troyanowski v Village of Kent City,* 175 Mich App 217, 223; 437 NW2d 266 (1988). In determining whether the evidence was overwhelming, this Court should give deference to the trial court's unique ability to judge the weight and credibility of the testimony and should not substitute its judgment for that of the jury unless the record reveals a miscarriage of justice. *Id.*

Review of the record does not indicate that the verdict was contrary to the overwhelming evidence. The trial presented a credibility contest between plaintiff Eva Heshelman and defendant Dr. Lombardi. Plaintiff testified as to one set of facts, which indicated that she suffered from severe symptoms and that Lombardi gave her only a cursory examination. Lombardi testified that plaintiff complained only of mild tightness in her

chest and, after a complete examination, she exhibited no symptoms of heart problems. Plaintiff's expert testified that, based upon plaintiff's testimony, Dr. Lombardi violated the necessary standard of care by not obtaining an adequate history from plaintiff and that an electrocardiogram would have revealed plaintiff's condition. Lombardi testified that he did not violate the standard of care and that his examination of plaintiff did not indicate that an electrocardiogram was necessary. The jury evidently found Dr. Lombardi's testimony more credible and found that he had not been negligent in his treatment of plaintiff. We are bound by the assessment of the witnesses' credibility made by the jury and the trial court.

II

Plaintiff argues that the trial court erred in instructing the jury, claiming several instructional errors. We find no error requiring reversal.

The court gave the following instruction regarding the testimony of expert witnesses.

In this case, a number of doctors have given their opinions as experts in the field of internal medicine. Experts are permitted to give their opinions as to matters on which they are experts. You should consider each expert opinion received in evidence, but you are not bound to follow the opinion of an expert. You may give each opinion whatever weight you believe it deserves.

In determining whether or not to believe the opinion of an expert or which opinion to believe, you should consider the reasons and facts upon which the expert bases his or her opinion and whether those facts are true. You should also consider the qualifications and believability of the expert in light of all the evidence in the case.

This instruction is essentially the same as CJI 5:2:12, now CJI2d 5.10.

Plaintiff argues that this instruction was erroneous under MCR 2.516(D)(3), which provides:

(3) Whenever the SJI committee recommends that no instruction be given on a particular matter, the court shall not give an instruction on the matter unless it specifically finds for reasons stated on the record that

(a) the instruction is necessary to state the applicable law accurately, and

(b) the matter is not adequately covered by other pertinent standard jury instructions.

Plaintiff points out that the comments to SJI2d 4.10 recommend that no instruction on "weighing expert testimony" be given. Plaintiff reasons that the court erred by giving this instruction regarding expert testimony without stating reasons on the record for this particular instruction.

We note that CJI 5:2:12, upon which the complained-of instruction was patterned, is followed by commentary also recommending that no instruction be given regarding "weighing expert testimony." From this, it is evident that the committee did not consider CJI 5:2:12 to be such a "weighing" instruction and one not to be recommended. Thus, the instruction given by the trial judge, which tracked CJI 5:2:12, was not a disfavored weighing instruction, and the court did not need to comply with MCR 2.516(D)(3) in order to read it to the jury.

Plaintiff claims that the court erred in giving SJI2d 30.04, which provides:

There are risks inherent in medical treatment that are not within a doctor's control. A doctor is not liable merely because of an adverse result.

However, a doctor is liable if the doctor is negligent and that negligence is a proximate cause of an adverse result.

Plaintiff argues that this instruction was inappropriate because plaintiff never argued that the mere fact of her injuries was proof of malpractice. In *Jones v Porretta,* 428 Mich 132, 146; 405 NW2d 863 (1987), our Supreme Court noted that where a plaintiff makes such an argument a similar instruction could be given.

Where proofs put the significance of an adverse result in issue, it may be more appropriate to explain the physician's duty of care by advising the jury that there are inherent risks in medical treatment which are beyond the physician's control.

Despite the fact that this instruction may not have been entirely appropriate for this fact situation, we find that any error which resulted was minimal and had no effect on the verdict. At worst, this instruction was "nothing more than an innocuous recitation of what a reasonable juror already understands." *Jones, supra,* p 144. This instruction did not have any significant effect on the verdict.

Plaintiff also argues that the trial court improperly refused to give SJI2d 6.01, regarding failure to produce evidence or a witness. SJI2d 6.01a provides:

The [plaintiff/defendant] in this case has not offered [the testimony of _____/ _____]. As this evidence was under the control of the [plaintiff/defendant] and could have been produced by [him/her], and no reasonable excuse for the [plaintiff's/defendant's] failure to produce the evidence was given, you may infer

that the evidence would have been adverse to the
[plaintiff/defendant].

Plaintiff argues that, because defendants had
their expert witness, Dr. Dykman, review plain-
tiff's medical records to form an opinion regarding
whether Dr. Lombardi breached the standard of
care and then did not present Dykman's testimony
regarding malpractice, plaintiff was entitled to the
inference that his testimony would have been
damaging to defendants.

Review of the record reveals that the parties
deposed Dr. Dykman in March of 1988 and that at
that time he had not formed an opinion as to
whether malpractice had occurred. Due to this
lack of information regarding Dykman's opinion,
plaintiff's counsel asserted that he would object to
the admission of testimony by Dykman regarding
the breach of the standard of care unless he was
given this information prior to trial. The day
before trial, Dykman testified by way of a video
deposition regarding Dr. Lombardi's treatment of
plaintiff and whether it breached the standard of
care. Because plaintiff's counsel did not have ade-
quate time to conduct further discovery regarding
Dykman's opinion as to malpractice, defense coun-
sel offered Dykman's testimony only with regard
to plaintiff's damages, and not in regard to the
standard of care or its breach. In his cross-exami-
nation of Dykman, plaintiff's counsel emphasized
that his testimony did not go to the standard of
care or its breach, and did not question Dykman
as to whether any malpractice occurred.

There is no indication that defendants concealed
the evidence of Dykman's opinion from plaintiff
because it was damaging to defendants. This case
is not analogous to the situation where a witness
is unavailable due to the actions of a party. Plain-

tiff had the opportunity to question Dr. Dykman regarding his opinion as to breaches of the standard of care, but chose not to do so. Plaintiff was not entitled to the inference that Dykman's testimony regarding whether malpractice occurred would have favored plaintiff. The trial court properly refused to give SJI2d 6.01a.

### III

Plaintiff argues that this case must be remanded for an evidentiary hearing because of newly discovered evidence which had been concealed by the misconduct of defense counsel. Plaintiff argues that this evidence is favorable and that its absence entitles her to a new trial. The newly discovered evidence in question is the previously mentioned opinion of Dr. Dykman regarding malpractice. Plaintiff argues that Dykman had concluded that malpractice occurred; defendants claim that Dykman had concluded that no malpractice occurred. The available record does not reveal the nature of Dykman's opinion in this matter.

Plaintiff did not object to this alleged concealment at trial, despite the fact that plaintiff's counsel was evidently aware of any concealment. Nor did plaintiff object to this claimed concealment of evidence in his motion for a new trial. Since plaintiff made no objection below, the issue was not addressed by the trial court and there is no record from which to review the issue. Thus, plaintiff has not properly preserved this issue for appeal. *Janda v Detroit,* 175 Mich App 120, 129; 437 NW2d 326 (1989).

Additionally, we note that MCR 2.611(A)(1)(f) provides:

A new trial may be granted to all or some of the

parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

\* \* \*

(f) Material evidence, *newly discovered, which could not with reasonable diligence have been discovered and produced at trial.*

The evidence in question was not newly discovered. As previously noted, plaintiff could have questioned Dr. Dykman regarding this matter, but chose not to. With any degree of reasonable diligence, plaintiff could have discovered this evidence and produced it or obtained a ruling at trial.

IV

Plaintiff argues that reversal is required because the trial court permitted defense counsel to cross-examine plaintiff's expert, Dr. Crane, regarding an unrelated malpractice suit brought against Crane. We agree that this was erroneous, but find that reversal is not required.

We first address defendants' contention that, by failing to raise the issue in her motion for a new trial, plaintiff did not properly preserve it for review. We disagree. Defendants rely on *Palmiter v Monroe Co Bd of Road Comm'rs,* 149 Mich App 678, 692, n 2; 387 NW2d 388 (1986), and *Krzysiak v Hinton,* 104 Mich App 134, 139; 304 NW2d 823 (1981), for the proposition that an issue is waived unless raised in a motion for a new trial.

In *Krzysiak, supra,* p 139, the Court stated that, where the plaintiffs challenged, for the first time on appeal, the trial court's refusal to give certain voir dire questions, the plaintiffs were obligated to raise this issue in their motion for a new trial in order to preserve it for appeal.

Plaintiffs were obligated to raise this issue in their motion for new trial and failure to do so constitutes waiver of the question on appeal. Failure to raise the issue in the motion for new trial deprives us on appeal of the benefit of the trial court's view regarding its reason for denial.

Our interpretation of the *Krzysiak* Court's language indicates that the panel did not find the issue unpreserved solely due to the failure to raise it in the new trial motion, but because the challenging party did nothing below to create a record regarding the issue raised on appeal, either by objection or motion on the record.

Certain motions, such as challenges to verdicts on the ground that they are against the great weight of the evidence, must be raised in a motion for a new trial in order to preserve them for appeal. *People v Cage,* 83 Mich App 534, 538; 269 NW2d 213 (1978); *People v Mattison,* 26 Mich App 453, 459; 182 NW2d 604 (1970). The purpose behind this rule is clear: if these issues were not previously raised in this manner, there would be no record regarding them to review on appeal. However, issues regarding the admission or exclusion of evidence are properly preserved by a timely objection on the record. MRE 103 provides in relevant part:

(a) *Effect of Erroneous Ruling.* Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

(2) *Offer of Proof.* In case the ruling is one excluding evidence, the substance of the evidence

was made known to the court by offer or was apparent from the context within which questions were asked.

(b) *Record of Offer and Ruling.* The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. It may direct the making of an offer in question and answer form.

A timely objection on the record, with a response by opposing counsel and a ruling by the trial judge, should create an adequate record from which to review the admission or exclusion of evidence. There is no additional requirement that a party restate his evidentiary objections anew in his motion for a new trial. We reject the contrary assertions from *Palmiter* and *Krzysiak.*

The scope of cross-examination, like the admission of evidence, is a matter within the trial court's discretion, and the court's determination should not be reversed absent an abuse of that discretion. *Wilson v Stilwill,* 411 Mich 587, 599; 309 NW2d 898 (1981). During his cross-examination of Dr. Crane, defense counsel questioned him regarding a medical malpractice case in which he had been sued. The trial court permitted this line of questioning over plaintiff's objection, ruling that it was admissible as it went to the weight and credibility of Dr. Crane's testimony.

We find that the trial judge abused his discretion by permitting this line of questioning. Evidence of prior malfeasance by a witness is admissible only under very specific circumstances and for very specific reasons. MRE 608(b); MRE 404(b). Under MRE 608(b), specific instances of a witness' conduct may be inquired into on cross-examination only where they are probative of truthfulness or

untruthfulness and only to inquire into that witness' or another witness' truthful character. The fact that Dr. Crane was named a defendant in a malpractice suit is in no way probative of his truthfulness. Nor was this fact probative of Dr. Crane's competency or knowledge. Highly competent and knowledgable physicians have been sued for malpractice. Mere unproven accusations of malpractice stated in a complaint cannot be used as a basis for attacking a physician's knowledge and credibility. Such allegations of malpractice are analogous to unproven charges of criminal activity. Arrests and charges not resulting in conviction may not be used for impeachment. *People v Falkner,* 389 Mich 682, 695; 209 NW2d 193 (1973). Similarly, the mere fact that someone has been named as a defendant in a malpractice lawsuit may not be used to impeach his credibility as an expert witness. See *Ecco, Ltd v Balimoy Mfg Co, Inc,* 179 Mich App 748, 752; 446 NW2d 546 (1989).

Despite this error, we find that reversal is not required. To determine whether an error is harmless, two inquiries must be made: (1) whether the error is so offensive to the maintenance of a sound judicial process that it can never be regarded as harmless and (2) whether this Court can declare a belief that the error was harmless beyond a reasonable doubt. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972). The admission of this improper impeachment question and Dr. Crane's answers was not so offensive to the maintenance of a sound judicial process that we could never regard it as harmless. See *People v Allen,* 429 Mich 558, 612; 420 NW2d 499 (1988). We also conclude that, in light of the testimony presented at trial, the suppression of this question and Dr. Crane's answer would have had no effect on the jury's verdict. Any error did not prejudice plaintiff's case

and, therefore, was harmless beyond a reasonable doubt.

Affirmed.

Sullivan, J., concurred.

G. S. Allen, J. *(concurring)*. While I concur with the majority's opinion, I write separately to express my disagreement with defendants' interpretation of *Krzysiak v Hinton,* 104 Mich App 134; 304 NW2d 823 (1981), and *Palmiter v Monroe Co Bd of Road Comm'rs,* 149 Mich App 678, 692, n 2; 387 NW2d 388 (1986). I do not construe *Krzysiak* or *Palmiter, supra,* as authority for the proposition that the failure to raise in a motion for a new trial the propriety of a trial court's ruling on requested jury instructions or the admissibility of evidence *in itself* renders the question unpreserved for appellate review. In *Krzysiak,* counsel did not object on the record when the trial court declined to ask certain voir dire jury questions. Thus, in the absence of something in the record by way of an objection, a motion, *or* a subsequent motion for a new trial, the issue of the propriety of the court's ruling is unpreserved.

The *Palmiter* panel's reliance on *Krzysiak* was made only by way of a footnote. Because the reference was fleeting and thereafter the Court discussed the issue on its merits, I consider *Palmiter* enfeebled authority for the rule stated.