WISCHMEYER v SCHANZ

Docket No. 135291. Submitted October 19, 1993, at Lansing. Decided
   January 19, 1994, at 9:45 A.M. Leave to appeal sought.

Wade W. and Judy Wischmeyer brought an action in the Saginaw
   Circuit Court against George P. Schanz, M.D., and others,
   alleging medical malpractice as a result of surgery performed
   on Wade Wischmeyer. The court, Lynda L. Heathscott, J.,
   entered a judgment consistent with the jury's verdict of no
   cause of action. The plaintiffs appealed, alleging that the trial
   court abused its discretion in allowing defense counsel to cross-
   examine the plaintiffs' only expert witness regarding alleged
   prior poor surgical results and prior medical malpractice
   claims.

   The Court of Appeals *held:*

   The court abused its discretion in allowing the cross-examina-
   tion. The cross-examination of the plaintiffs' expert with a line
   of questioning that was not probative of truthfulness or un-
   truthfulness and that constituted an improper means of im-
   peaching the credibility of the witness was not harmless error.
   The questions raised unproved accusations of acts of malprac-
   tice and thoroughly discredited the witness before the jury.
   Rehabilitation was precluded without clear and emphatic cau-
   tionary instructions, which the trial court declined to give.

   Reversed and remanded.

*Mark Granzotto, Arthur A. Borella,* and *Philip F. Maher,* for the plaintiffs.

*Fordney, Cady, Mastromarco & Jahn, P.C.* (by *J. Michael Fordney*), for George P. Schanz, M.D., and George P. Schanz, M.D., P.C.

*Thomas C. Wimsatt,* for St. Mary's Medical Center.

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and MURPHY, JJ.

PER CURIAM. This case arises from a claim of medical malpractice resulting from surgery performed on plaintiff Wade Wischmeyer. Plaintiffs appeal as of right from a jury verdict of no cause of action. We reverse and remand.

The trial court abused its discretion in allowing defense counsel to cross-examine plaintiffs' expert witness, Dr. Ignelzi, regarding prior poor surgical results and prior medical malpractice claims. *Heshelman v Lombardi,* 183 Mich App 72; 454 NW2d 603 (1990). This line of questioning was not probative of truthfulness or untruthfulness, and constituted an improper means of impeaching the credibility of Dr. Ignelzi. *Id.* at 84-85. The cross-examination of plaintiffs' expert on this basis cannot be considered harmless error. *Heshelman, supra.* The questions raised unproved accusations of acts of malpractice in graphic detail and, we believe, thoroughly discredited Dr. Ignelzi before the jury. Dr. Ignelzi was plaintiffs' only expert witness in this case, and the allowance of this line of questioning precluded rehabilitation without clear and emphatic cautionary instructions, which the court declined.

The trial court abused its discretion in allowing the improper cross-examination of Dr. Ignelzi.

On remand, we encourage the trial court, if such is appropriate and requested, to give the supplemental instruction to SJI2d 30.01 that was requested by plaintiffs at trial. See *Grewe v Mt Clemens General Hosp,* 404 Mich 240; 273 NW2d 429 (1978).

Reversed and remanded for a new trial.