# STATE OF MICHIGAN

# COURT OF APPEALS

SAM G. ROSS,

Plaintiff-Appellant,

UNPUBLISHED
July 23, 2015

v

HOME-OWNERS INSURANCE COMPANY,

Defendant-Appellee.

No.  318284
Clare Circuit Court
LC No.  10-900148-NF

Before:  WILDER, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

In this no-fault action for personal injury protection (PIP) benefits, defendant appeals by right the jury verdict in favor of defendant.  We affirm.

## I.  BACKGROUND

Plaintiff, Sam G. Ross, was a pedestrian who was struck by an automobile on May 11, 2009.  At the time, plaintiff was insured under a no-fault policy issued by defendant, Home-Owners Insurance Company.  Initially, defendant paid expenses for plaintiff's care and rehabilitation.  However, after a review of plaintiff's claim for benefits by insurance adjustor Heather Abreu, plaintiff was sent to multiple independent medical examiners to determine whether the injuries he claimed benefits for were related to the accident.  Based on the reports it received, defendant terminated PIP benefits to plaintiff in February 2010.  Plaintiff filed this suit on April 9, 2010, challenging the termination.

## II.  STANDARD OF REVIEW

Plaintiff appeals after being denied a new trial in the trial court.  This Court reviews for an abuse of discretion a trial court's denial of a motion for a new trial. *Kelly v Builder's Square, Inc,* 465 Mich 29, 34; 632 NW2d 912 (2001).  An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. *Heaton v Benton Constr Co,* 286 Mich App 528, 538; 780 NW2d 618 (2009).

Plaintiff argues that the trial court erred in not allowing him to mention the contents of Dr. Douglas Foster's report before the jury.  "A trial court's discretionary decisions concerning

-1-

whether to admit or exclude evidence will not be disturbed absent an abuse of that discretion. When the decision involves a preliminary question of law[,] however, such as whether a rule of evidence precludes admission, we review the question de novo." *People v Mardlin,* 487 Mich 609, 614; 790 NW2d 607 (2010) (internal quotations and footnotes omitted).

Plaintiff also argues that the trial court did not apply or interpret MCR 2.302(B)(4)(b) correctly. "The interpretation of a court rule, like matters of statutory interpretation, is a question of law that we review de novo." *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009).

## III. ANALYSIS

Plaintiff's argument on appeal is that the trial court misapplied MCR 2.302(B)(4)(b) to prohibit him from mentioning the contents of Dr. Douglas Foster's report to the jury. We disagree.

MCR 2.302(B) is a general rule governing the scope of discovery in civil cases. MCR 2.302(B)(4)(b) provides:

(b) A party may not discover the identity of and facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, except

(i) as provided in MCR 2.311, or

(ii) where an order has been entered on a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

MCR 2.302(B)(4)(b) concerns non-witness experts. Under this rule the identity of and information held by a non-witness expert is not discoverable unless prong (i) (MCR 2.311) or (ii) (exceptional circumstances) applies. MCR 2.311 controls the discovery of an examining physician's report. In pertinent part, MCR 2.311(B)(1) provides:

If requested by the . . . person examined, the party causing the examination to be made must deliver to the requesting person a copy of a detailed written report of the examining physician setting out the findings, including results of all tests made, diagnosis, and conclusions, together with like reports on all earlier examinations of the same condition, and must make available for inspection and examination X-rays, cardiograms, and other diagnostic aids.

The trial judge's predecessor on this case ordered that copies of all the independent medical reports be furnished to opposing counsel in a pre-trial order. The pre-trial summary order indicated that the "Right to reports is reserved." Dr. Foster was a non-witness expert under MCR 2.302(B)(4)(b). He was retained by defendant to conduct a medical examination of plaintiff in January 2013, nearly three years after the suit was filed. He was not on the witness

list of either party and there is no evidence that defendant indicated that he would call Dr. Foster at trial.

As noted, MCR 2.302(B)(4)(b) concerns only the discovery of information held by non-witness experts and not the admission of the information at trial. The language of MCR 2.302(B)(4)(b) clearly states "[a] party may not *discover* the identity of and facts known or opinions held by an expert." (Emphasis added).

The trial court interpreted MCR 2.302(B)(4)(b) on two occasions. The first time was at the jury trial during the testimony of claim representative Nate Kline and the second time was at plaintiff's motion hearing for a new trial. In neither case did the trial court err.

At trial the court correctly noted that there was a distinction between that which is discoverable under MCR 2.302(B)(4)(b) and that which is admissible at trial. The decision as to the admissibility of questions concerning the contents of Dr. Foster's report was made based upon the relevance of the evidence to the disputed issues of fact. Plaintiff stated he wanted to explore whether defendant relied on Dr. Foster's report to discontinue benefits or as new information to reopen plaintiff's benefits case. Therefore, the court initially limited the scope of plaintiff's cross-examination of Kline to asking Kline "which [independent medical examinations] were used to make a decision regarding the stopping of benefits." The court noted that the scope of any further questioning would be based upon the response to the first question. "If Mr. Foster's [report] was not part of that decision then it's not going to be gone into but if the insurance company did consider it as part of their decision then I'm gonna (sic) allow him to go into it."

It is within a trial court's discretionary authority to limit the scope of cross-examination. *Persichini v William Beaumont Hospital*, 238 Mich App 626, 632; 607 NW2d 100 (1999). Relevance is a crucial focus for the exercise of this discretion. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Plaintiff's stated reason at trial for use of Dr. Foster's report was that he was "entitled to explore what [defendant] relied on in in [sic] discontinuing benefits or new information where [defendant] could open up benefits again." When Kline answered that he was not the claims representative who terminated plaintiff's benefits, the contents of Dr. Foster's report became irrelevant to further questioning of that witness.

Plaintiff argues that he should have been able to question Heather Abreu, the claims representative who terminated plaintiff's benefits, concerning the contents of Dr. Foster's report. While plaintiff's brief offers no citations to the record, we assume he argues that his cross-examination was erroneously limited. The trial court "may limit cross-examination with respect to matters not testified to on direct examination" and to matters that are relevant to issues in the case. MRE 611(c). On direct examination, Abreu stated that she had reversed decisions to terminate benefits before, after receiving a copy of another doctor's examination report, when the plaintiff's doctor provided new information. There is no record of Dr. Vanderbrook providing new information to Abreu after she received the examination reports of other doctors. Also, when plaintiff's counsel referred to Dr. Foster's report specifically, Abreu rejected the notion that such an exam would be new information. She instead testified, "that any examination

that would be done during [litigation] would probably be done for an entirely different reason." Thus, the court did allow some questioning of the witness but continued to limit questions as to the exact content of the report. The report itself is hearsay for which no exception has been offered. We cannot find this limitation to be an abuse of discretion.

The trial court interpreted MCR 2.302(B)(4)(b) again at the hearing for plaintiff's motion for a new trial. There, the court correctly stated that Dr. Foster was a non-witness expert and that the court rule was a rule of discovery. The court later applied the discovery rules to questions of admissibility of the report and Dr. Foster himself. We find the court's interpretations of MCR 2.302(B)(4)(b) as to admissibility to be harmless error. The interpretations came post-trial and therefore had no effect on the jury verdict. *Heshelman v Lombardi*, 183 Mich App 72, 85; 454 NW2d 603 (1990).

Finally, the court's decision to deny plaintiff's motion for a new trial was not based on its interpretation of MCR 2.302(B)(4)(b), but rather on the fact that plaintiff's case was not prejudiced by the court's earlier ruling to not allow plaintiff to mention the contents of Dr. Foster's report. We note that the report was mentioned by plaintiff and that we have found no abuse of discretion in the trial court's limitation of questioning. Under MCR 2.611(A)(1), in an action tried by jury, plaintiff is required to show the error materially affected his substantial rights. We have found no error. Further, plaintiff's statement of questions only addresses the MCR 2.302(B)(4)(b) issue so we need not examine the correctness of the denial of the Motion for New Trial further.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

-4-